THE STATE ex rel. WILLIAM BROWNING, Sheriff, and J. P. MORGAN and EMMA BURNETT v. FRANK KELLY, Judge of Circuit Court.

In Banc, July 3, 1925.

1. **STAY OF EXECUTION: In Vacation.**  Neither the circuit court, nor the judge thereof, has power, in vacation, to indefinitely stay execution of a judgment assessing a fine against defendants as punishment for the commission of a crime; and an order permanently staying the execution and discharging the defendants, signed by the judge who tried the case, in vacation, and duly filed, does not inhibit the issuance of a *capias* to the sheriff, directing him to collect the fines and costs imposed by the judgment.

2. **PAROLE: By Special Judge Who Renders Judgment: After End of Case: Jurisdiction.**  Where the regular judge is disqualified to try a case in the manner prescribed by the statute, and he calls upon the judge of another circuit to try it, who appears and tries the case and renders judgment against defendants upon their pleas of guilty, such special judge does not thereafter have authority to parole said defendants, but under the statute (Sec. 3994, R. S. 1919) he only possesses power to perform the duties of the regular judge "during the trial of said case;" and the trial having been fully completed and final judgment rendered and no appeal allow-

309 Mo. Sup.—30.

able, his powers and duties as special judge come to an end; and any parole thereafter ordered by him, in vacation, is void, and such order will not inhibit the issuance, by the regular judge, of a *capias* directed to the sheriff and commanding him to execute the judgment.

3. ———: **Presupposes Final Judgment: Jurisdiction.** The granting of a parole is no part of the ascertainment of defendant's guilt or innocence, but presupposes defendant's guilt, and an application therefor cannot be entertained until after judgment of conviction has been rendered and become a finality; and whether a parole be deemed a conditional suspension of sentence or a conditional pardon, it is no part of the trial of a cause which culminates in a judgment of conviction, or an incident thereto; and when the judgment becomes a finality the special judge who rendered it and who was called in from another circuit to try the case no longer has jurisdiction to grant a parole in vacation, but that power belongs to the regular judge of the court.

4. ———: **Special Judge: Power of Regular Judge.** The filing of statutory affidavits by defendants charged with a felony, in which it is stated that the regular circuit judge will not afford them a fair trial, renders him incompetent to hear and try the cause, but it does not divest him of power to order execution for the fines imposed by the final judgment of conviction rendered by the judge of another circuit who was called in as special judge to try the case.

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 3139, p. 1333, n. 48, p. 1334, n. 60. Judges, 33 C. J., Section 198, p. 1021, n. 19; Section 229, p. 1035, n. 61, 64, 66, 69.

## Prohibition.

PRELIMINARY RULE DISCHARGED.

*W. M. Morgan* and *W. H. Douglass* for relators.

(1) The statutes authorizing a judge to grant paroles under certain circumstances is a part of the chapter on Criminal Procedure and is as much a part of that chapter as the Change of Venue Statute. Chap. 25, Art. 18, secs. 4155 to 4167, R. S. 1919. (2) The statute authorizing judges to grant paroles provides for the granting of paroles by special judges, and for the report of persons paroled by special judges to the courts of these

judges to make proof of their good behavior. Sec. 4157 to 4163, R. S. 1919. (3) Since the statute authorizing changes of venue and paroles are both parts of the chapter on Criminal Procedure, they must be construed together and so as to give effect to the terms of both. Bank v. Graham, 147 Mo. 250; 25 R. C. L. 1052, sec. 277, also Secs. 288 and 289. But the latter of two statutes prevails if effect cannot be given to both. United States v. Todd, 3 Fed. 836. (4) The following cases bear upon the principles involved in the three propositions above stated: Ex parte Foister, 203 Mo. 687; State v. Bobbitt, 215 Mo. 31; Nafzieger v. Reed, 98 Mo. 87.

RAGLAND, J.—Prohibition. Relators, J. P. Morgan and Emma Burnett, were charged by information in the Circuit Court of Mississippi County with having aided and abetted in the commission of the felony of abortion. On their application a change of venue was granted to Cape Girardeau County in the same judicial circuit. After the transfer of the cause they filed their affidavit, with supporting affidavits as required by the statute, that respondent as judge of the Circuit Court of Cape Girardeau County would not afford them a fair trial. Thereupon respondent as such judge set the case down for trial on December 4, 1922, and notified and requested Honorable ALMON ING, Judge of the 33rd Judicial Circuit, to try the same. On the day appointed Judge ING appeared and held the court for trial of the case. The proceedings then had in respect thereto are disclosed by the following record entry:

"Now at this day comes the State by the Prosecuting Attorney from Mississippi County, this cause having been brought from Mississippi, on a change of venue and sworn away from the regular judge of the 28th Circuit and venue changed to Judge ALMON ING of the 33rd Judicial Circuit sitting, come also the defendants J. P. Morgan and Emma Burnett herein, in person, and by attorneys, and both parties announce ready, come now the defendants, waive arraignment and enter a plea of guilty, and the punishment of J. P. Morgan upon his plea

is fixed at, by the court, a fine of two hundred and fifty dollars, and ninety days in the county jail, a stay of execution as to fine for thirty days is granted, and on the jail sentence, J. P. Morgan is paroled, and to be and appear on the fourth Monday in April, 1923, the same being the first day of the April term of this court, 1923.

"And as to the defendant Emma Burnett, comes now the defendant Emma Burnett in person and by attorneys and enters a plea of guilty, and the court fixes her punishment at a fine of one hundred dollars, and by the court is granted a stay of execution on the fine for thirty days, and the defendant, Emma Burnett is to be and appear at the April term of this court on the fourth Monday in April, 1923, the same being the first day of the April term, 1923.

"It is therefore considered, ordered and adjudged by the court, that the defendant, J. P. Morgan pay to the School Fund of the State of Missouri the sum of two hundred and fifty dollars so found to be due as punishment fixed by the court, and it is further considered, ordered and adjudged by the court that the defendant, Emma Burnett, pay to the School Fund of the State of Missouri the sum of one hundred dollars so found to be due as punishment fixed by the court. And that both parties pay the costs in this behalf expended, that execution issue therefor."

On April 25, 1923, the following order was filed with the Clerk of the Circuit Court for Cape Girardeau County:

"In the Circuit Court of Cape Girardeau County, Missouri. In Vacation.

"State of Missouri, Plaintiff,

v.

"J. P. Morgan and Emma Burnett, Defendants.

"Judgment against the defendants having been heretofore entered in the above entitled cause, and defendants having been paroled under stay of execution, and it appearing to the undersigned Judge of the 33rd Judicial Circuit of Missouri that the conduct of the de-.

fendants justifies a permanent stay of execution and complete discharge from further obligation or penalty under said judgment, J. C. McDowell, Prosecuting Attorney for the State, as well as defendants, assenting thereto.

"It is hereby ordered that the judgment heretofore entered as aforesaid be permanently stayed, and that the defendants be forthwith discharged therefrom and released from all further penalty and obligation under such judgment.

"Done in Chambers at Poplar Bluff, Butler County, Missouri, this 24th day of April, 1923.

"ALMON ING, Judge of the 33rd Judicial Circuit of Missouri, Called and Acting Judge in Said Cause."

On May 21, 1923, and during the regular April term, 1923, of the Cape Girardeau Circuit Court, respondent as judge thereof ordered the issuance of *capias* executions for the collection of the fines and costs which had theretofore been adjudged against the relators, Morgan and Burnett, respectively. The writs, directed to the relator Browning as Sheriff of Cape Girardeau County, were duly issued and placed in his hands for service.

On August 31, 1923, Judge ING at chambers at Poplar Bluff, Missouri, made another order, "that the said J. P. Morgan be paroled from the fine and jail sentence assessed and imposed against him, and that the said defendant Emma Burnett, be paroled from the fine assessed against her." On September 10, and during the regular September term, 1923, relator Browning made return of the *capias* executions. The returns were identical except as to the name of the defendant. A copy of one will suffice:

"This certifies, that I did not execute the within writ for the reason that on the 31st day of August, 1923, Hon. ALMON ING, Judge of the 33rd Judicial Circuit of Missouri, special and acting judge of this cause, issued an order of parole to the defendant, J. P. Morgan, a certified copy of said order having been served upon me on the 4th day of September, 1923. September 10, 1923. WM. BROWNING, Sheriff Cape Girardeau County, Mo."

Thereafter the court, the respondent presiding, ordered the relator Browning to appear and show cause "why he should not be attached and fined for constructive criminal contempt of court" for refusing to serve the writs. Thereupon the relators, the defendants in the writs of execution and the sheriff, applied to this court for a writ of prohibition, asserting that respondent as the regular judge of the Cape Girardeau County Circuit Court was without jurisdiction in the premises. In his return to our preliminary rule respondent insists that he is acting within his jurisdiction and that unless prohibited by our orders herein he will take such further steps as may be necessary to secure compliance with the orders and process of his court.

A casual reading of the record entry, made December 4, 1922, in the case of State v. Morgan and Burnett, discloses that no jail sentence was imposed upon either defendant. While Morgan's punishment was "fixed" at a fine of $250 "and ninety days in the county jail," imprisonment was not in fact included within the terms of the judgment rendered. A fine was adjudged against each and that was the extent of the punishment imposed.

Neither the Circuit Court of Cape Girardeau County nor the judge thereof in vacation had authority to indefinitely stay execution of the judgment against relators, Morgan and Burnett. Judge Ing's order of April 25, 1923, directing that execution be permanently stayed, assuming that he was still judge of the Cape Girardeau Circuit Court for all purposes connected with the case, was utterly void. [Ex parte Thornberry, 254 S. W. 1087, 1090; Ex parte Cornwall, 223 Mo. 259; State v. Hockett, 129 Mo. App. 639.] There was nothing therefore in the state of the record on May 21, 1923, which inhibited the issuance of the *capias* executions. A subsequent realization of that fact doubtlessly caused the procurement from Judge Ing of the order of August 31, 1923, purporting to parole relators, Morgan and Burnett. If that order was valid and effectual, it abated the writs of execution, and the returns thereto of relator Browning were

the only ones that could have been made. In determining therefore whether respondent, in the proceeding inaugurated for the purpose of punishing the sheriff for refusing to serve the writs, is acting within his jurisdiction, the power of Judge Ing to grant the alleged paroles becomes a question of first importance.

By virtue of Section 4155, Revised Statutes 1919, "the circuit and criminal courts of this State . . . shall have power . . . to parole persons convicted of violation of the criminal laws of this State." Section 4156 provides that "the courts named in Section 4155 . . . , or the judge thereof in vacation, . . . may, in their discretion, when satisfied that any person against whom a fine has been assessed or a jail sentence imposed by said court will . . . not again violate the law, parole such person." The fines imposed upon relators Morgan and Burnett had been assessed by the Circuit Court of Cape Girardeau County. That court, "or the judge thereof in vacation," under the section just quoted from, was authorized to parole them. Was Judge Ing such judge on the day he attempted to grant the paroles? When he appeared and assumed the duties of trial judge in the case of State v. Morgan and Burnett he thereupon became invested with the power of which the regular judge had been deprived by the filing of the disqualifying affidavits by the defendants. That power is defined and delimited by Sections 3991 and 3994 (R. S. 1919) of the change of venue statute. The applicatory parts of those sections are as follows: Section 3991: "When any indictment or criminal prosecution shall be pending in any circuit court or criminal court, the judge of said court shall be deemed incompetent to *hear and try said cause* . . . when the defendant shall make and file an affidavit, supported by the affidavit of at least two reputable persons, not of kin to or counsel for the defendant, that the judge of the court in which said cause is pending will not afford him a *fair trial;*" Section 3994: "If, in any case, the judge shall be incompetent to sit, for any of the causes mentioned in Section 3991, the judge

of said court shall  . . . .  set the case down for trial
. . .  and notify and request another circuit or crim-
inal judge to try the case; and it shall be the duty of the
judge so requested to appear and hold the court at the
time appointed for the trial of said case; and he shall,
*during the trial of said case,* possess all the powers and
perform all the duties of the judge at a regular term of
said court.'' The first divests the regular judge of the
power *"to hear* and *try said cause;"* the second confers
upon the judge called in ''all the powers  . . .  of the
judge at a regular term of said court," *"during the trial
of said case."* In other words the special judge is in-
vested with all the powers of a trial judge which are
necessary or adequate for the judicial ascertainment of
the fact of defendant's guilt or innocence. When that
fact is so determined his power *ipso facto* ceases. [State
v. Shea, 95 Mo. 85; Ex parte Clay, 98 Mo. 578; State ex
rel. v. Wofford, 111 Mo. 526.]

Of course the special judge may pass on the motion
for a new trial, grant an appeal, settle the bill of excep-
tions, etc. This because such matters, being but proce-
dural steps to be taken in arriving at the ultimate deter-
mination of defendant's guilt or innocence, are so related
to the trial of the cause as to be deemed incident thereto.
But the granting of a parole has naught to do with the
ascertainment of guilt or innocence. It presupposes the
defendant's guilt. An application for parole cannot be
entertained until after a judgment of conviction has been
rendered (Secs. 4156 and 4157, R. S. 1919), and that
judgment has become a finality. [Sec. 4167, R. S. 1919.]
The granting of a parole, therefore, whether it be deemed
a conditional suspension of sentence, or a conditional
pardon, is no part of the trial of a cause which culminates
in a judgment of conviction, nor is it in any way incident
thereto. No appeal lay from the judgment entered on
the pleas of guilty of defendants Morgan and Burnett.
It was a final determination of the cause. When Judge
ING rendered that judgment his powers and duties as
special judge came to an end. Consequently he was not the

judge of the Cape Girardeau County Circuit Court on the 31st day of August, 1923, for any purpose whatever.

What has just been said with reference to the power of the special judge called to try a criminal case to grant a parole is intended to be confined to cases falling within the purview of Section 4156, Revised Statutes 1919. While the statutes relating to change of venue and change of judge limit the powers of a special judge to *the trial of the cause,* it was of course competent for the Legislature in the subsequently enacted Parole Statute to confer upon such judge the additional power of granting paroles. We find only one section of the latter statute which can be so construed and that is Section 4157, Revised Statutes 1919, which deals solely with the parole of persons who have been convicted of a felony and whose punishment has been assessed at imprisonment in the penitentiary. It provides that "when any person . . . shall be convicted . . . of any felony . . . and imprisonment in the penitentiary shall be assessed . . . the court before whom the conviction was had . . . may in his discretion, by order of record, parole such person." The language, "the *court* before whom the conviction was had . . . may in *his* discretion, by order of record, parole such person," indicates that "court" is used in the sense of "judge." But it is also plain that under this section "the judge before whom the conviction was had" is not authorized to parole the defendant in vacation, but only while sitting as a *court*.

Section 4161, Revised Statutes 1919, one of the sections of the Parole Statute, provides that "it shall be the duty of any person paroled under the provisions of Sections 4155 to 4167, inclusive, of this article, to appear at each regular term of the court granting the parole or at the court at which the judge granting the parole presides, during the continuance of such parole." Relator contends that the language, "or at the court at which the judge granting the parole presides," implies that paroles in all classes of cases may be granted in vacation, not

only by the regular judge, but by a special judge as well. Such an implication is irreconcilable with many of the express provisions of the statute. Besides, it is plain that the language which is said to give rise to such implication refers to and is limited by the section immediately proceeding (Sec. 4160, R. S. 1919), wherein it is provided that "any person confined in jail under judgment of conviction before a justice of the peace may be paroled . . . by the court or judge of the court having jurisdiction of appeals from justices of the peace in criminal cases in the county wherein the justice rendering the judgment resides."

The filing of the statutory affidavits by the defendants in the case of State v. Morgan and Burnett rendered respondent as judge of the Cape Girardeau Circuit Court incompetent "to hear and try" that cause, but did not divest him of the power to order executions for the fines imposed. That power was purely ministerial in character; no discretion, judicial or otherwise, was involved; the provisions of the statute (Sec. 4074, R. S. 1919) relating to the collection of fines and costs in criminal cases are plainly mandatory. The executions after their issuance were not suspended by the order of parole, which was a mere nullity. There is no valid reason therefore why the sheriff may not be compelled to serve them.

As it does not appeal that respondent is in any respect acting, or intending to act, in excess of the powers with which as judge of the Cape Girardeau Circuit Court he is invested, our preliminary rule should be discharged. It is so ordered. All concur, except *Woodson, J.,* who dissents.