STATE of Missouri (Plaintiff), Respondent,

v.

Jerry MERK, a juvenile, by Ruby Merk, his mother (Defendant), Appellant.

No. 29296.

St. Louis Court of Appeals.

Missouri.

Aug. 16, 1955.

Charles M. Shaw and Wayne C. Smith, Jr., Clayton, for appellant.

H. K. Stumberg, Pros. Atty., St. Charles County, St. Charles, for respondent.

ANDERSON, Presiding Judge.

This is an appeal from a judgment of the Juvenile Division of the Circuit Court of St. Charles County finding appellant, Jerry Merk, to be a delinquent child and ordering him committed to the State Board of Training Schools.

The proceeding was instituted upon the filing of an information by the Prosecuting Attorney against defendant and one Harold Weis, charging that said defendants were delinquent children in that they did on or about the 16th day of November, 1954, "wilfully and unlawfully and feloniously" with a certain named person, a "minor of the age of 16 years, take indecent and improper liberties, to-wit, the destestable and abominable crime against nature with her, * * *."

On November 29, 1954, the matter came on for hearing and was tried on said date, with the result above indicated. The evidence adduced at said hearing was preserved and is before us in the transcript on appeal. However, by reason of the disposition of the case which we are compelled to make it will not be necessary to detail this evidence. Suffice it to say the evidence was amply sufficient to support the finding and judgment. It is conceded in appellant's brief that the evidence was sufficient to support the finding that defendant was delinquent.

The judgment was rendered November 29, 1954. No motion for new trial was filed. Thereafter, on December 7, 1954, Merk filed an application for parole which averred that he had not theretofore been convicted of a felony and, if permitted to go at large, he would not again violate or transgress any of the laws of the State, but would in all respects obey the laws and

lead an upright and honorable life. The next day, December 8, 1954, the court entered an order staying the sentence and judgment pending a ruling on said application, and a hearing on the application was had on said date. The record does not contain the evidence adduced at said hearing. On December 13, 1954, defendant Merk's application for parole was denied, and the stay of sentence and judgment set aside. ·Thereafter, on December 14, 1954, Merk, through his mother and attorneys, filed a notice of appeal from the judgment.

In this court, appellant assigns as error the trial court's refusal to sustain his application for parole.

It may be stated generally that, upon an appeal from a final judgment, the sufficiency of the pleadings and proof and the rulings of the court made during the course of the trial may be reviewed by the appellate court. Also, all interlocutory or intermediate orders involving the merits, made during the course of the litigation and necessarily affecting the final judgment, are before the reviewing court on such appeal. This must be so because, while not in form, they are, in effect, carried forward and become part of the final determination. The pleadings, evidence, and ruling made at the trial are reviewed because they may affect the validity of the judgment. But orders made subsequent to the final judgment bear no relation to the determination of the court, and are in no sense involved in the consideration of the correctness of the judgment.

Whether the trial court should have exercised its discretion in this case and paroled the defendant bears no relation to the issues tried and determined by the judgment. The granting or refusal of a parole is no part of the trial of a cause, nor is it in any way incident thereto. State ex rel. Browning v. Kelly, 309 Mo. 465, 274 S.W. 731.

·The court's ruling on the application for parole, made after the entry of judgment, is a collateral matter which cannot affect the validity or correctness of the judgment. Therefore, the ruling· on said application is not before us for review. City of St. Louis v. Silk, 239 Mo.App. 757, 199 S.W.2d 23; 3 Am.Jur., Appeal and Error, Sec. 915, p. 483–484. It necessarily follows that the judgment appealed from must be and is affirmed.

MATTHES, J., and WALTER E. BAILEY, Special Judge, concur.