Mark B. GALLUP, Plaintiff-Appellant,

v.

STATE of Missouri, DEPARTMENT OF CORRECTIONS AND HUMAN RE-SOURCES, BOARD OF PROBATION AND PAROLE, Defendant-Respondent.

No. 68899.

Supreme Court of Missouri, En Banc.

July 14, 1987.

Leonard Breon, Andrew J. Gelbach, Warrensburg, for plaintiff-appellant.

William L. Webster, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

HIGGINS, Judge.

Mark Gallup pleaded guilty on May 10, 1982, to the sale of a controlled substance, section 195.020, RSMo 1978. The court suspended imposition of a sentence to imprisonment for five years and placed the defendant on probation for five years. On May 10, 1983, the court revoked defendant's probation and ordered execution of his prison term. On April 1, 1985, he was paroled with an April 1, 1988, release date. The Board of Probation and Parole subsequently amended its parole order to extend its authority over Gallup for an additional five years. *See* § 195.221, RSMo 1978 (repealed effective August 13, 1984). Gallup filed a declaratory judgment action to question application of the repealed statute to extend his release date. The trial court denied relief, and the court of appeals affirmed. Reversed.

Gallup asserts that the application of section 195.221 was conditioned upon his release on parole and cannot be used to extend his parole term after its repeal. The State contends that section 1.160, RSMo 1986, saves and preserves the additional parole term. The savings statute states that "no fine, penalty or forfeiture incurred ... at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment...." § 1.160. The question is whether the additional parole term constitutes a penalty which attached as part of the sentence.

The Parole Board has considerable discretion in deciding whether to grant pa-

role. § 217.690, RSMo 1984, *Green v. Black*, 755 F.2d 687 (8th Cir.1985). The possibility of parole is conditioned upon several factors including the seriousness of the offense, *Burnside v. White*, 760 F.2d 217 (8th Cir.1985); the prisoner's behavior while in prison and his prospects for reintegration into society. § 217.690. Under Missouri law the granting of a conditional order, such as parole, is not part of the trial nor is it in any way incident to it. *State ex rel. Browning v. Kelly*, 309 Mo. 465, 274 S.W. 731 (Mo. banc 1925); *State v. Merk*, 281 S.W.2d 607 (Mo.App.1955). The sentence which consists of confinement for a period of time or a fine constitutes the penalty. *McCulley v. State*, 486 S.W.2d 419 (Mo.1972). The additional parole term of section 195.221 does not constitute a penalty because it becomes effective only if the Board grants parole and has no effect on a prisoner's eligibility for parole or the length of his sentence. Section 1.160 cannot save it for use against Gallup because the legislature repealed it before he was granted parole.

The United States Supreme Court has interpreted two parole statutes so as to require the application of the statute in effect when the sentence was imposed. *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974) (saving the application of 26 U.S.C. § 7237(d) which made certain drug offenders ineligible for parole); *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (declaring a change in Florida's method of accumulating credit towards parole a violation of the ex post facto provision of article I, section 10 of the U.S. Constitution). These cases do not control because in *Marrero* the Supreme Court interpreted federal statutes which differ from the Missouri statutes in question. The parole discussed in *Marrero* is more readily associated with the sentence because it completely eliminated the possibility of parole, whereas section 195.221 would extend the term of the parole once it has been granted.

In *Weaver* and in *Burnside v. White*, 760 F.2d 217 (declaring that Missouri's new parole statute, section 217.690, could not be applied retroactively to the detriment of those sentenced when section 549.261, RSMo 1978, was in effect), the federal courts found that changes in the parole statutes could not work to the detriment of a previously sentenced prisoner. The same reasoning cannot be applied here because the repeal of section 195.221 actually benefits Gallup and cannot therefore violate the ex post facto provision. *Weaver*, 450 U.S. at 33, 101 S.Ct. at 966.

■ The difference in the statutes interpreted by the federal courts, the manner in which the states had attempted to apply them and the precedent of Missouri cases on point persuade a determination that section 195.221 should not be applied to anyone paroled after its repeal August 13, 1984. The effect is that appellant may not be held on parole beyond the original release date, April 1, 1988.

The judgment is reversed with direction to recognize the April 1, 1988, release date.

BLACKMAR, WELLIVER, RENDLEN, JJ., and GAERTNER, Special Judge, concur.

ROBERTSON, J., dissents in separate opinion.

BILLINGS, C.J., dissents and concurs in separate dissenting opinion of ROBERTSON, J.

DONNELLY, J., not sitting.

ROBERTSON, Judge, dissenting.

I dissent.[1] The majority opinion correctly defines the dispositive issue in this case as whether the additional parole term mandated by Section 195.221, RSMo 1978 (repealed), is a penalty or punishment within the meaning of Section 1.160, which provides in pertinent part:

No offense committed and no fine, penalty or forfeiture incurred, or prosecu-

---

1. Portions of this dissent are the work of the Honorable Don W. Kennedy, who authored the unanimous opinion of the Court of Appeals, Western District, affirming the trial court. Judge Kennedy's work is acknowledged without further attribution.

tion commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except ... (2) that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law.

Based on *McCulley v. State*, 486 S.W.2d 419 (Mo.1972), the majority concludes that the "sentence which consists of confinement for a period of time or a fine constitutes the penalty." The majority then states that the "additional parole term of Section 195.221 does not constitute a penalty because it becomes effective only if the Board grants parole," concluding that Section 1.160 "cannot save [Section 195.221] for use against Gallup because the legislature repealed it before he was granted parole."

Contrary to the majority, however, I believe that the extended term of parole required by Section 195.221 is a penalty or a punishment within the meaning of Section 1.160.

*McCulley*, which provides the foundation for the majority's conclusion, defines the word "sentence"; it does not give a meaning for "penalty." The majority assumes that "sentence" and "penalty" are synonymous, each completely defining the other. While it is true, as *McCulley* holds, that a sentence is a penalty, it does not follow, as the majority seems to assume, that the sentence is the entire penalty.

"Penalty" is a word possessing a much broader meaning than "sentence." A penalty is "the suffering in person, rights, or property which is annexed by law or judicial decision to the commission of a crime or public offense." Webster's Third New International Dictionary (1966). Punishment is "the infliction of a penalty." *Id.* Thus, the sentence imposed is a part of the penalty assessed; in this case a mandatory additional parole term is also part of the penalty. While on parole, the defendant is a constructive prisoner, subject to the restrictions and limitations on his person and rights imposed by the terms of his parole. *State v. Brinkley*, 354 Mo. 1051, 193 S.W.2d 49, 58 (1946); 67 C.J.S. Pardon & Parole, sec. 57 (1978). The additional period of parole decreed in Section 195.221 is, therefore, a penalty or punishment, just as is the sentence imposed. *McCulley* does not support the majority's conclusion; it is inapposite.

As for the second prong of the majority's argument, the fact that the Parole Board maintains discretion to grant or deny parole does not alter the penal nature of Section 195.221. Under the statute, the conditions of the additional parole period are fixed at the time of the assessment of the penalty. *State v. Grant*, 79 Mo. 113, 117–132 (1883), *overruled on other grounds*, 337 Mo. 884, 87 S.W.2d 175 (1935); *State v. Landrum*, 127 Mo.App. 653, 106 S.W. 1111, 1112 (1908). The potential failure of the condition precedent—parole—does not change either the character or terms of the penalty imposed by the statute.

Having determined that Section 195.221 imposes a penalty, the final question is whether Section 1.160 applies in this case. Absent Section 195.221, the length of Gallup's parole would have been governed by Section 217.730, RSMo Supp.1982. The latter section mandated the discharge from parole no later than the end of Gallup's prison sentence, which would have been April 1, 1988, as fixed by the original order of release. The first part of Section 1.160 requires that where an offense is committed before a statute is repealed, the punishment for the offense shall be "as if the provision had not been repealed," subject to the statutory exception. The effect of this portion of Section 1.160 (without regard to the relevant exception contained in the statute) is to make the repealed Section 195.221 applicable to defendant's parole and to mandate the extended parole period required by that section.

Section 1.160 goes on, however, to make an exception to the general rule. "[I]f the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law." Does this exception apply to the time of appellant's release on parole, so that the less stringent Section 217.730 governs his parole term rather than the more stringent repealed Section 195.221? Or does the exception apply to the earlier time of his conviction, when Section 195.221 was still in effect?

*Ex parte Wilson,* 330 Mo. 230, 48 S.W.2d 919 (Mo. banc 1932), interprets Section 4468, RSMo 1929, the predecessor to Section 1.160 as follows: "[T]he meaning of the exception to the general provision is ... clear when the exception is considered in connection with the general provision; that is, that any offender against the criminal laws of this state shall have the benefit of any reduction in the punishment prescribed for the offense by an amendment of the law creating the offense *which becomes effective after the commission of the offense but before the entry of the judgment and sentence.*" *Wilson,* 48 S.W.2d at 920 (emphasis added).

I see no reason to depart from the teaching of *Wilson.* The exception in Section 1.160 applies to the time of the judgment of conviction (or perhaps to the time of sentencing—it is not necessary in this case to discuss which time governs, since both of them occurred before the statute's repeal) when the penalty is assessed, and not to the time of release on parole. Had the repeal of the statute taken effect before defendant's sentencing (or his conviction), Section 195.221 would not have governed the length of the later parole; the parole term would have been governed instead by Section 217.730, RSMo Supp.1982. Because Section 195.221 was in effect at the time of Gallup's penalty assessment, the exception in Section 1.160 does not apply.

I dissent.