John HARNESS, Jr.,
Plaintiff–Appellant,

v.

The MISSOURI BOARD OF PROBA-
TION AND PAROLE,
Defendant–Respondent.

No. 52632.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 16, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 6, 1988.

Application to Transfer Denied
June 14, 1988.

Ted Guberman, Festus, for plaintiff-appellant.

Kelly Mescher, Jefferson City, for defendant-respondent.

REINHARD, Judge.

Plaintiff appeals after an adverse ruling on his petition for a declaratory judgment. We affirm.

Plaintiff was convicted of selling a controlled substance (heroin), § 195.020, RSMo 1978, and was sentenced on March 29, 1976, to a term of ten years in prison. Probation was denied, and he was committed to the Department of Corrections. On October 3, 1977, plaintiff was released on parole. Under the general parole statute, plaintiff's parole would have expired on March 26, 1986 (plaintiff received three days credit for pre-sentence jail-time). § 549.275, RSMo 1978.[1] However, prior to his parole, the Board of Probation and Parole notified plaintiff that his parole would be extended for an additional five years pursuant to § 195.221, RSMo 1978.

Plaintiff, following the lead of the plaintiff in the case of *Gallup v. State Dept. of Corrections*, 733 S.W.2d 435 (Mo. banc 1987), filed a petition for a declaratory judgment questioning the application of § 195.221, RSMo 1978, to extend his parole release date because the statute had been repealed effective August 13, 1984. The trial court found the Board properly concluded that § 195.221 applied to plaintiff.

Section 195.221, RSMo 1978, was repealed effective August 13, 1984, and it provided as follows:

Notwithstanding section 549.275, RSMo, if the board of probation and parole releases any person from a state penal institution who was convicted of selling, giving, or delivering a controlled

1. Present § 217.730, RSMo 1986.

substance as defined in this chapter, the period of parole shall be for not less than the completion of the original sentence plus five years. If, however, he is found to have violated the conditions of his parole, he shall be recommitted to confinement by the division of corrections for the remainder of the term set by the original sentence from which he was paroled.

Both parties rely on *Gallup* for support. In *Gallup* the plaintiff pleaded guilty to the sale of a controlled substance on May 10, 1982, and the court suspended imposition of the five-year sentence, placing him on probation for five years. On May 10, 1983, the court revoked his probation and ordered execution of his prison term. On April 1, 1985, the plaintiff was paroled, with an April 1, 1988, release date. He filed a declaratory judgment action challenging the application of repealed § 195.221, RSMo 1978, to him. On appeal, the supreme court held that the repealed statute could not be applied to Gallup because he was paroled after the effective date of the statute's repeal. *Gallup*, 733 S.W.2d at 435–36. The court held "section 195.221 should not be applied to anyone paroled after its repeal August 13, 1984." *Id.* at 436.

Here, based on a reading of the supreme court's opinion in *Gallup*, the trial court properly held that § 195.221, RSMo 1978, applied to plaintiff because he was paroled October 3, 1977, prior to the effective date of the repeal of § 195.221.

Judgment affirmed.

GARY R. GAERTNER, P.J., and CRIST, J., concur.