Jerry MILLER, Respondent,

v.

STATE of Missouri, DEPARTMENT OF CORRECTIONS AND HUMAN RESOURCES, BOARD OF PROBATION AND PAROLE, Appellant.

No. 57624.

Missouri Court of Appeals, Eastern District, Division One.

May 29, 1990.

William L. Webster, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, for appellant.

Ervin D. Davis, St. Charles, for respondent.

CRIST, Judge.

The State appeals a declaratory judgment in favor of respondent, Jerry Miller, discharging him from parole. We reverse and remand.

Miller was sentenced on August 2, 1976, to five years' imprisonment for selling a controlled substance. Section 195.221, RSMo 1978, repealed August 13, 1984, was in effect when Miller was last paroled. The issue in this case is whether Miller is entitled to be discharged from parole by reason of the repeal of § 195.221, RSMo 1978. The following list of relevant dates will be helpful:

August 2, 1976 Miller is sentenced to five (5) years' imprisonment and placed on probation.

October 31, 1977 Miller's probation is revoked.

November 28, 1978 Miller is paroled after serving one (1) year and twenty-eight (28) days in prison.

June 7, 1983 Miller is returned to custody after being paroled four (4) years and one hundred ninety-one (191) days.

June 13, 1984 Miller is paroled for the last time after serving an additional one (1) year and six (6) days. Two (2) years and three hundred thirty-one (331) days remained on his original sentence.

Section 195.221 states:

195.221. Parole, period of.—Notwithstanding section 549.275, RSMo, if the board of probation and parole releases any person from a state penal institution who was convicted of selling, giving, or delivering a controlled substance as defined in this chapter, the period of parole shall be for not less than the completion of the original sentence plus five years. If, however, he is found to have violated the conditions of his parole, he shall be recommitted to confinement by the division of corrections for the remainder of the term set by the original sentence from which he was paroled.

Section 217.730, RSMo 1986 (formerly § 549.275, RSMo 1978) states:

The period served on parole shall be deemed service of the term of imprisonment and ... the total time served may not exceed the maximum term or sentence.

■ Section 195.221, RSMo 1978 does not apply to one paroled after its repeal date, August 13, 1984. *Gallup v. State Dept. of Corrections*, 733 S.W.2d 435, 436 (Mo. banc 1987). However, one paroled before repeal is still subject to an additional five years of parole supervision. *Harness v. Missouri Board of Probation and Parole*, 749 S.W.2d 7, 8 (Mo.App.1988).

■ The question here is whether one paroled under § 195.221, RSMo 1978 is allowed to reduce the time remaining on his original sentence by the time spent on parole pursuant to § 217.730, RSMo 1986, beginning on August 13, 1984. We think not.

The provisions of § 195.221, RSMo 1978 dictated the length and conditions of Mil-

ler's parole when he was released. *See Gill v. Missouri State Board of Probation and Parole*, 656 F.Supp. 1157, 1158 (E.D. Mo.1987). It explicitly disallows reducing the length of one's original sentence by the amount of time spent on parole by stating "Notwithstanding section 549.275," RSMo 1978 (now section 217.730, RSMo 1986). We are in no position to choose which portions of the statute remain in effect as to one paroled before its repeal date. Our supreme court stated "[S]ection 195.221 should not be applied to anyone paroled after its repeal...." *Gallup*, 733 S.W.2d at 436.

The negative implication of that bright line rule requires us to apply § 195.221, RSMo 1978, in determining the length and conditions of Miller's parole. Doing so, we hold the trial court erred by reducing the time remaining on Miller's sentence by the time he spent on parole after the repeal date of § 195.221, RSMo 1978, August 13, 1984.

Reversed and remanded.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.