**Larry F. HAWKINS, Sr., Appellant,**

v.

**Gerald HIGGINS, Appellee.**

**No. 89–1071.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1989.

Decided March 26, 1990.

Rehearing and Rehearing En Banc Denied May 30, 1990.

Steven R. Cantonwine, Kansas City, Mo., for appellant.

Stephen D. Hawke, Jefferson City, Mo., for appellee.

Before FAGG, Circuit Judge, and HEANEY and BRIGHT, Senior Circuit Judges.

HEANEY, Senior Circuit Judge.

Larry Hawkins filed a petition for federal habeas corpus relief in the United States District Court for the Western District of Missouri, alleging that his continued confinement by the state of Missouri was unlawful because his sentence had expired. The district court dismissed the petition because it found that Hawkins had not exhausted his state remedies. We reverse.

Hawkins was convicted in Missouri for selling marijuana. On January 18, 1983, he was sentenced to a term of five years imprisonment in the Missouri Department of Corrections. On April 19, 1984, he was released on parole. At that time, Hawkins was notified by the Missouri Board of Probation and Parole that under provisions of Mo.Rev.Stat. § 195.221 his parole would be extended an additional five years beyond the term of his sentence. Hawkins was further informed that any violations of his parole during either the original sentence or the additional five-year period could result in his recommitment to confinement for the remainder of his original term.

On August 13, 1984, Mo.Rev.Stat. § 195.221 was repealed.

On February 22, 1988, after the expiration of his original five-year sentence, Hawkins violated the terms of his parole. The Missouri Board of Probation and Parole revoked Hawkins' parole and recommitted him to confinement for a period of three years and nine months. Hawkins was given credit only for time actually spent in confinement.

Hawkins filed in federal district court a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 contending a violation of the prohibition against *ex post facto* laws, the prohibition against double jeopardy, and the Eighth Amendment of the United States Constitution. Based on the record before it, the district court concluded that Hawkins had failed to exhaust his adequate and available state remedies, pointing specifically to a declaratory judgment action pursuant to Missouri Supreme Court Rule 87.02(c) or (d). *Hawkins v. Higgins*, No. 88–0452–CV–W–5–P, slip op. at 3–4 (W.D.Mo. Dec. 21, 1988). The district court reasoned, relying on *Snethen v. Nix*, 736 F.2d 1241, 1245 (8th Cir.1984), that a petitioner's belief that the state courts will rule against his or her claims on the merits does not warrant waiving the exhaustion requirement. *Hawkins*, slip op. at 4.

■ On appeal, Hawkins asks us to reverse because the district court's holding is clearly erroneous. Hawkins relies on *Gallup v. State of Missouri*, 733 S.W.2d 435 (Mo. banc 1987) and *Harness v. Missouri State Board of Probation and Parole*, 749 S.W.2d 7 (Mo.App.1988). His theory is that, because the Missouri Court of Ap-

peals in *Harness* held that the repealed statute continues to apply to prisoners paroled before the date of repeal, Missouri does not provide an adequate, available remedy.

 The foundation for the exhaustion rule is that the states retain primary responsibility under the United States Constitution for the legality of their exercise of police power. Accordingly, state courts have the first opportunity and responsibility to determine whether a particular exercise of police power is constitutional or unconstitutional. "The question is usually whether state law provides any presently available state procedure for determining the merits of the petitioner's claim, not whether the state court would decide in favor of the petitioner on the merits." *Snethen v. Nix*, 736 F.2d 1241, 1245 (8th Cir.1984). There is, however, a defense to the rule requiring the exhaustion of state remedies when it appears that such remedies are futile. *Piercy v. Black*, 801 F.2d 1075, 1078 (8th Cir.1986).

In light of all the circumstances, Hawkins' state court remedies appear futile. *See id.* at 1077 (a decision on the same question of law, under almost identical facts, made state court remedies futile). The petitioner in *Harness* raised the same issue of law as does Hawkins. The Missouri courts held against that petitioner. The underlying facts are nearly identical. Any state court challenge would be futile, and a waste of judicial resources.

Accordingly, we reverse and remand to the district court for further proceedings consistent with this opinion.