**Ralph BYRNES, Petitioner,**

v.

**George VOSE, Director, Department of Corrections, State of Rhode Island, Respondent.**

**C.A. No. 91–0175L.**

United States District Court, D. Rhode Island.

Nov. 13, 1991.

Edward J. Romano, Paul J. DiMaio, Providence, R.I., for petitioner.

Aaron L. Weisman, Sp. Asst. Atty. Gen., Providence, R.I., for respondent.

### MEMORANDUM AND ORDER

LAGUEUX, District Judge.

### I. INTRODUCTION

Pursuant to 28 U.S.C. § 636(b)(1), respondent objects to the Report and Recommendation of United States Magistrate Judge Timothy M. Boudewyns to the effect that respondent's motion to dismiss be denied because, according to the doctrine of futility, petitioner Ralph Byrnes need not exhaust his state court remedies before seeking habeas corpus relief in this Court. Magistrate Judge Boudewyns issued a substantial Report discussing this recommendation, which this Court has examined carefully. He states correctly that "the exhaustion by a co-defendant of his state administrative remedies on *exactly the same* question of law is a legally sufficient basis to find further state efforts by the instant petitioner unnecessary." Slip Op. at 2 (emphasis added). But this Court does not agree that the petitions of Byrnes and his co-defendant, John Ouimette, present the same question of law. Ouimette's exhaustion of his own state remedies does not necessarily indicate that this petitioner's efforts in that regard would be futile. Therefore, this Court sustains respondent's objection to the Magistrate Judge's Report and Recommendation and grants respondent's motion to dismiss.

### II. DISCUSSION

Petitioner Byrnes was convicted for his participation in the infamous 1975 Bonded Vault robbery. The Supreme Court of

Rhode Island affirmed the conviction of Byrnes along with that of his co-defendants in 1981. *State v. Byrnes*, 433 A.2d 658 (R.I.1981). Byrnes has never sought post-conviction relief in the state courts. Less than a year ago, United States Magistrate Judge Jacob Hagopian of the District of Rhode Island granted habeas corpus relief to co-defendant Ouimette. *Ouimette v. Moran*, 762 F.Supp. 468 (D.R.I.), *aff'd*, 942 F.2d 1 (1st Cir.1991). Ouimette had exhausted his state remedies in an unsuccessful attempt at securing post-conviction relief, claiming that his due process rights were violated when prosecutors withheld information about a crucial prosecution witness's criminal record and inducements to testify. After an evidentiary hearing in federal court, Ouimette finally received habeas corpus relief. *Id.* at 480.

Byrnes argues—and Magistrate Judge Boudewyns agrees—that Ouimette's unsuccessful odyssey through the Rhode Island courts portends a similar fate for Byrnes. If the state courts would not overturn Ouimette's conviction, Byrnes argues, then the state courts will not overturn Byrnes's conviction. Magistrate Judge Boudewyns characterizes Byrnes and his co-defendant, Ouimette, as "peas in the same (courtroom) pod," presenting cases that are "factually identical" and turning on "the *identically same* issue and factual underpinnings...." Slip Op. at 3, 4. This Court would have to accept that premise, i.e., that the cases against Ouimette and Byrnes were factually identical, before it could conclude that resort to the state courts would be futile for Byrnes. *See Hawkins v. Higgins*, 898 F.2d 1365, 1367 (8th Cir.1990).

That premise is not supported by the evidence in this matter. Byrnes and Ouimette were convicted of different levels of involvement in the robbery, based on different, albeit overlapping, evidence. Ouimette was not a participant in the actual robbery, and he was convicted only as a co-conspirator and an accessory before the fact. *Ouimette*, 762 F.Supp. at 468. The testimony of the disputed government witness, Robert Dussault, "was the substantial factor which caused" Ouimette's conviction. *Id.* at 472; *see also Ouimette*, 942 F.2d 1, 12 (1st Cir.1991) ("The evidence against Ouimette was almost entirely generated by Dussault").

Byrnes, in contrast, was convicted as an actual participant in the robbery, primarily because of the testimony of another participant in the robbery, Anthony Danese. Because Danese's evidence against Byrnes was substantial and convincing, the Attorney General could succeed in establishing in the state courts that the concurrence of Dussault's testimony against Byrnes constituted "harmless error beyond a reasonable doubt." *See Ouimette*, 942 F.2d at 12 (quoting *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967)). Clearly, the evidence at the Bonded Vault trial against Byrnes and Ouimette was not the same. A state court might agree with Byrnes that his conviction is tainted for the reasons expressed in *Ouimette*, 942 F.2d 1, or it might agree with the Attorney General that allowing Dussault to testify against Byrnes was harmless error. In any event, the state courts should have the first opportunity to consider this matter. *Duckworth v. Serrano*, 454 U.S. 1, 4, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981).

The futility exception to the exhaustion-of-remedies doctrine does not apply to Byrnes. The convictions of Byrnes and Ouimette were for different crimes, based on different facts. In contrast, all of the cases cited in the Magistrate Judge's Report and Recommendation concern pairs of petitioners who shared nearly identical fact patterns. *See Hawkins*, 898 F.2d at 1367 ("The underlying facts are nearly identical" to those of another prisoner's unsuccessful state appeal); *Rowe v. Peyton*, 383 F.2d 709, 711 (4th Cir.1967) (finding "no indication" that state court would depart from a former decision under similar facts), *aff'd*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); *Evans v. Cunningham*, 335 F.2d 491, 493–94 (4th Cir.1964) (substantive question was "uncomplicated by any factual controversy" and was "identical" as it related to two petitioners). In those cases, the federal courts entertained no doubts about how the state courts would treat the

petitioners' applications for relief. In the present case, however, substantial uncertainty does exist. When "there is any unclarity in the state's position, or any reasonable possibility that the state will change its view and accept the petitioner's contentions ... a [state court] remedy cannot be considered futile." *United States ex rel. Wells v. Statesville Correctional Ctr.*, 461 F.Supp. 666, 667 (N.D.Ill.1978); *see also Snethen v. Nix*, 736 F.2d 1241, 1245 (8th Cir.1984) (futility exception will not apply unless petitioner establishes "some clear manifestation on the record that a state court will refuse to entertain petitioner's claims"), *cert. denied*, — U.S. —, 110 S.Ct. 3223, 110 L.Ed.2d 670 (1990); *Green v. Wyrick*, 462 F.Supp. 357, 358 (W.D.Mo. 1978) (same).

The requirement that state remedies must be exhausted is a matter of comity between federal and state courts, not a jurisdictional limitation on the federal courts. 28 U.S.C. §§ 2254(b) & (c); *Duckworth*, 454 U.S. at 4, 102 S.Ct. at 19. Nonetheless, this Court will not overlook the requirement, even in cases that might not seem likely to result in relief from the state courts. This holding does not prevent Byrnes from returning to federal court if the state courts reject his application for post-conviction relief.

### III.  CONCLUSION

Accordingly, respondent's objection to the Magistrate Judge's Report and Recommendation is sustained. Respondent's motion to dismiss is granted because petitioner Byrnes has not exhausted his state remedies.

It is so ordered.