USCA1 Opinion

 

 July 17, 1992 ____________________ No. 91-2246 RALPH BYRNES, Petitioner, Appellant, v. GEORGE VOSE, ETC., Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Cyr, Circuit Judge, _____________ and Fuste,* District Judge. ______________ ____________________ Edward J. Romano with whom Paul DiMaio was on brief for __________________ _____________ appellant. Aaron L. Weisman, Special Assistant Attorney General, with whom _________________ James E. O'Neil, Attorney General, was on brief for appellee State of _______________ Rhode Island. ____________________ ____________________ _____________________ *Of the District of Puerto Rico, sitting by designation. Fust , District Judge. Petitioner Ralph Byrnes appeals _____________________ a Rhode Island federal district court decision dismissing his 28 U.S.C. 2254 state conviction habeas corpus petition for failure to first exhaust state postconviction remedies.1 He argues before us, as he did before the district court, that it would be futile to conduct further collateral proceedings to review his conviction in the Rhode Island courts, since a codefendant, John Ouimette, sought and was denied postconviction redress in the state courts prior to successfully receiving habeas relief in federal court. See Ouimette v. Moran, 762 F.Supp. 468 (D.R.I.), ___ _________________ ____________________ 1 Section 2254(b) & (c) of Title 28 provide: (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. 2254(b), (c). 2 aff'd, 942 F.2d 1 (1st Cir. 1991). The district court decided _____ that the futility exception to the section 2254(b) exhaustion requirement did not apply to Byrnes since he and Ouimette were convicted of different substantive crimes based on different testimony. Byrnes v. Vose, 777 F.Supp. 171 (D.R.I. 1991). We _______________ find no error on the part of the district court, and affirm the affirm dismissal of Byrnes' state conviction federal habeas corpus petition without prejudice. I. I. Petitioner Byrnes was convicted for his participation in the notorious 1975 Bonded Vault Company robbery in Providence, Rhode Island. Nine masked men entered this commercial safe- deposit company, robbed its employees at gunpoint, and broke into 146 safety deposit boxes. They stole approximately $4 Million in cash and valuables. State v. Byrnes, 433 A.2d 658, 661 (R.I. ________________ 1981).2 Byrnes' petition for habeas relief is based on the same ground that was successfully presented in the federal forum by ____________________ 2The reader who wishes to delve into the historical background of the matter on appeal is referred to this court's opinion in Ouimette v. Moran, 942 F.2d 1 (1st Cir. __________________ 1991), where we upheld the district court's grant of habeas relief to codefendant John F. Ouimette, Ouimette v. Moran, _________________ 762 F.Supp. 468 (D.R.I. 1991), as well as to the opinion of the Rhode Island Supreme Court which affirmed appellant's state court conviction. State v. Byrnes, 433 A.2d 658 (R.I. _______________ 1981). -3- 3 codefendant Ouimette after exhausting state remedies. He claims that the state prosecutor's failure to disclose a key prosecution witness' extensive criminal record violated his due process right under Brady v. Maryland, 373 U.S. 83 (1963). Ouimette, 762 __________________ ________ F.Supp. at 479-80; 942 F.2d at 12-13. The record developed by the district court and confirmed by us during oral argument shows, however, that Byrnes and Ouimette were convicted of different levels of involvement in the robbery. Ouimette was not a participant in the actual robbery. He was convicted as a conspirator and an accessory before the fact. The testimony that brought about the Brady _____ claim was that of Robert Dussault, and he did not implicate Byrnes. Byrnes, in contrast, was convicted as an actual participant in the robbery, primarily because of the testimony of another participant, Anthony Danese. Clearly, the evidence at trial against Byrnes and Ouimette was not the same. Byrnes v. __________ Vose, 777 F.Supp. at 172. ____ Petitioner Byrnes also conceded during oral argument that, especially after the federal court habeas decisions in Ouimette, petitioner has a strong due process argument in either ________ federal or state forums. Notwithstanding, petitioner's argument is to the effect that because of the egregious nature of the state prosecutor's conduct, it would be futile to subject -4- 4 petitioner to further state court proceedings to determine whether the errors at trial were "harmless beyond a reasonable doubt." See Chapman v. California, 386 U.S. 18, 24 (1967). ___ _____________________ In Duckworth v. Serrano, 454 U.S. 1, 3-4 (1981) (per _____________________ curiam), the United States Supreme Court refused to create an exception to the exhaustion requirement where a "clear violation" of the defendant's constitutional rights is established. The Court found that "obvious constitutional errors, no less than obscure transgressions, are subject to the requirements of 2254(b)," thus obligating the lower court to dismiss the habeas petition. Id. at 4. The Court also rejected an argument ___ favoring exception to the exhaustion requirement based on judicial economy. The Court noted that such a rule would likely increase, rather than decrease, federal habeas corpus petitions, since defendants could first seek a federal determination of whether the claim reached the requisite level of validity to dispense with the exhaustion requirement. Finally, the Court noted that even in the case where a clear violation is found, considerations of comity require that state courts be afforded the opportunity, in the first instance, to correct a constitutional violation before a federal court intervenes. Id. ___ See also Picard v. Connor, 404 U.S. 270, 275 (1971); Nadworny v. ________ ________________ ___________ Fair, 872 F.2d 1093, 1096 (1st Cir. 1989) ("Requiring that ____ -5- 5 remedies be exhausted in state courts is merely comity's juridical tool, embodying the federal sovereign's respect for the state courts' capability to adjudicate federal rights."); Mele v. _______ Fitchburg District Court, 850 F.2d 817, 819-20 (1st Cir. 1988). _________________________ We think that petitioner's futility argument is foreclosed by Duckworth and should be rejected. _________ II. II. With respect to the "egregious" nature of the prosecution misconduct at the state trial, we find no basis, nor has petitioner proffered any, as to why the Rhode Island courts are not fully capable of determining whether the misconduct found in Ouimette "tainted" Byrnes' conviction sufficiently to require ________ habeas relief.3 To the extent that petitioner is asking this court to examine the merits of his claim without first presenting it in the state judicial forum, we think the reasoning of Duckworth with respect to "clear violations" is equally _________ applicable to "egregious" ones and petitioner must first exhaust state judicial remedies before seeking redress in federal court. Petitioner has failed to convince us that recourse to the state postconviction proceedings available in Rhode Island dooms him to the same fate as that originally suffered there by codefendant Ouimette. In fact, events subsequent to our decision ____________________ 3At oral argument, counsel for petitioner suggested that, based on all that had transpired with respect to this case, "politics may rear its ugly head" and deny petitioner a fair opportunity to prosecute his claim in the Rhode Island courts. No evidence has been proposed to support this proposition and, accordingly, we reject petitioner's suggestion that the Rhode Island courts will not fairly and impartially discharge their duty of applying the law to the facts placed before it. -6- 6 in Ouimette suggest that the Rhode Island judiciary has seriously ________ addressed the issues raised in the Ouimette federal court ________ decisions. Following our affirmance of the Ouimette district ________ court decision, the Chief Justice of the Rhode Island Supreme Court ordered the Rhode Island Commission on Judicial Tenure and Discipline to investigate the underlying allegations of prosecutorial misconduct. A report has been rendered and the same has been reviewed and adopted by the Rhode Island Supreme Court. In re DeRobbio, 604 A.2d 1240 (R.I. 1992). ______________ We are convinced that the Rhode Island judiciary will insure that this matter receives careful judicial consideration and that with respect to criminal prosecutions under its jurisdiction, "justice [will] satisfy the appearance of justice." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864 ______________________________________________ (1988) (quoting In re Murchison, 349 U.S. 133, 136 (1955) _________________ (quoting Offut v. United States, 348 U.S. 11, 14 (1948))). ______________________ At this time, we have no basis to find that petitioner's due process claim will not receive a full and fair hearing before the state tribunals of Rhode Island. We express no view on the question whether the circumstances of Ouimette and Byrnes were sufficiently similar as to require the same legal result. Petitioner's dismissal of his 28 U.S.C. 2254 habeas corpus petition against his state conviction is now Affirmed. Affirmed ________ -7- 7