896 F.Supp. 220 (1995)
Lori A. THOMPSON and Ryan Allen, Plaintiffs,
v.
STATE OF MAINE ATTORNEY GENERAL, Respondent.
Civ. No. 95-158-B.
United States District Court, D. Maine.
August 28, 1995.
Wayne R. Foote, Bangor, ME, for plaintiff.
William R. Stokes, Assistant Attorney General, Augusta, ME, for State of Maine.

ORDER DENYING PETITIONERS' WRITS OF HABEAS CORPUS
BRODY, District Judge.
Petitioners, Lori Thompson and Ryan Allen, have separately filed Petitions in this Court for Writs of Habeas Corpus. Their petitions seek a stay of their prosecution in state court for operating motor vehicles while under the influence of alcohol. The Court previously consolidated their petitions, because the legal issue underlying each action is identical: whether the Double Jeopardy Clause of the Constitution prohibits the prosecution *221 of a defendant for operating a motor vehicle under the influence of alcohol, when that defendant's license has already been suspended for the same offensive conduct. For the reasons that follow, the Court concludes that the Double Jeopardy Clause does not prohibit the prosecution of Petitioners Thompson and Allen. Accordingly, their Petitions for Writ of Habeas Corpus are denied.

I. Background
On November 11, 1994, Lori Thompson was arrested and charged with operating her motor vehicle while under the influence of alcohol, pursuant to 29 M.R.S.A. § 1312-B (Supp.1994). The same result befell Ryan Allen exactly one month later, on December 11, 1994. On December 12, 1994, Thompson's license was automatically suspended for 90 days for driving with a blood alcohol level of 0.08% or more by weight of alcohol in her blood. 29 M.R.S.A. § 1311-A(2) (Supp.1994). Allen's license was similarly suspended on January 16, 1995. Subsequent to these suspensions, separate criminal proceedings were initiated against each defendant in the Third District Court in Penobscot County, Maine. Petitioners each moved to dismiss the complaints against them, arguing that the Double Jeopardy Clause prohibits prosecution after their licenses have been suspended. The Third District Court took both motions under advisement pending a decision by the Maine Law Court in a group of consolidated cases that were nearly identical both in law and in fact to Petitioners' cases.
On June 6, 1995, the Law Court held that the criminal prosecution of a defendant, for operating under the influence of alcohol, did not violate the Double Jeopardy Clause when such prosecution occurred after the defendant's license had been suspended for the same offense. State v. Savard, 659 A.2d 1265 (Me.1995). Pursuant to Savard, the Third District Court denied Thompson's motion to dismiss. The court also set Allen's motion to dismiss for hearing on August 10, 1995. Allen's motion has since been continued until October 12, 1995. Neither Allen nor Thompson have technically exhausted their available state remedies.[1] Nonetheless, the Court reviews their petitions at this juncture because any further pursuit of their actions in State court would be futile in light of the Savard decision. See Robinson v. Berman, 594 F.2d 1, 3 (1st Cir.1979) (recognizing futility as "a limited exception to the exhaustion requirement when the question raised by petitioner has recently been decided by the highest state court[]"); see also Hawkins v. Higgins, 898 F.2d 1365, 1367 (8th Cir.1990) (no exhaustion required when such "remedies are futile[]").

II. Discussion
"[T]he Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." United States v. Halper, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989) (citation omitted). In this case, Petitioners attempt to avail themselves of the Clause's third protection.
Before determining whether a license suspension and a subsequent criminal prosecution represent multiple punishments, the Court must first find that the suspensions and subsequent prosecutions relate to the same offense and constitute separate proceedings. This Court agrees with the Maine Law Court's reasoning in Savard with respect to these two issues. It is clear that "the license suspension and the criminal prosecution seek redress for the commission of the same offensive conduct[.]" Savard, at 1267. Moreover, "the civil action taken to suspend each defendant's driver's license occurred in a `separate' proceeding for purposes of [this Court's] analysis under double jeopardy." Id. at ___; see also Department of Revenue v. Kurth Ranch, ___ U.S. ___, ___, 114 S.Ct. 1937, 1947, 128 L.Ed.2d 767 (1994) (The civil penalty "is exacted only after the ... arrest[] for the precise conduct that gives rise to the [penalty] in the first place." These proceedings "involve[] separate sanctions imposed in successive proceedings." Id. n. 21 (emphasis omitted).).
*222 Having found that the license suspensions and the subsequent prosecutions constitute separate proceedings arising from the same conduct, the Court next determines whether the temporary revocation of a driver's license constitutes punishment. The answer to this question is aided in large part by the Supreme Court's analysis in Halper. There, the Court held that a criminal defendant may not be prosecuted and "subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." Halper, 490 U.S. at 449, 109 S.Ct. at 1902. Whether the Defendant perceives the civil sanction as punishment is not the relevant query, because, "for the defendant[,] even remedial sanctions carry the sting of punishment." Id. at 447 n. 7, 109 S.Ct. at 1901 n. 7 (citation omitted). Rather, "in determining whether a particular civil sanction constitutes criminal punishment, it is the purposes actually served by the sanction in question, not the underlying nature of the proceeding giving rise to the sanction that must be evaluated." Id.
To best determine the "purposes actually served by the sanction in question[,]" id., this Court looks to the statute that mandates the 90-day suspension of Petitioners' driver's licenses. Petitioners' licenses were suspended pursuant to 29 M.R.S.A. § 1311-A, which provides in pertinent part as follows:
1. Purpose. The purpose of this section is:
A. To provide maximum safety for all persons who travel or otherwise use the public highways of the state; and
B. To remove quickly from the public highways of this State those persons who have shown themselves to be a safety hazard by operating or attempting to operate a motor vehicle with an excessive blood-alcohol level.
29 M.R.S.A. § 1311-A(1)(A)-(B) (Supp.1994). The statute of which Petitioners complain is designed primarily to ensure the public safety of drivers in Maine. Any deterrent or punitive effect that results from the statute's enforcement is purely incidental to the overriding purpose of protecting public safety. See Bae v. Shalala, 44 F.3d 489, 493 (7th Cir.1995) (determining, pursuant to Halper, that the punitive aspect of the debarment of a generic drug company president is "merely incidental to [statute's] overriding purpose to safeguard the integrity of the generic drug industry while protecting public health").
Indeed, even where civil penalties carry with them "an obvious deterrent purpose[,]" such "features, in and of themselves, do not necessarily render the [penalty] punitive." Kurth Ranch, ___ U.S. at ___ _ ___, 114 S.Ct. at 1946-47; see also Bae, 44 F.3d at 494 ("General deterrence is the foremost and overriding goal of all laws, both civil and criminal[.]"). In this case, deterrence is neither an "obvious" nor a stated purpose. Rather the suspension statute's stated goal is to safeguard drivers on Maine's roads. "[W]ithout question," such a purpose represents a "compelling governmental interest[] unrelated to punishment." Bae, 44 F.3d at 493.
As the Maine Law Court stated, "[t]here exists no absolute right to obtain and hold a driver's license." Savard, 659 A.2d at 1267 (citing Opinion of the Justices, 255 A.2d 643, 649 (Me.1969)). Rather, a driver's license is a privilege the suspension of which "merely signifies the failure of the holder to comply with the agreed conditions." Id. at 1268 (citing Opinion of the Justices, 255 A.2d at 649). Because Maine driver's licenses are "privilege[s] voluntarily granted[,]" their suspensions are "characteristically free of the punitive criminal element" necessary to implicate the Double Jeopardy Clause. Helvering v. Mitchell, 303 U.S. 391, 399, 58 S.Ct. 630, 632, 82 L.Ed. 917 & n. 2 (1938); see also Emory v. Texas State Bd. of Medical Examiners, 748 F.2d 1023, 1026 (5th Cir.1984) (revocation of a medical license remedial in nature despite the fact that the practitioner's "valuable rights are at stake[.]").
Petitioners may detect a "sting of punishment" in the suspension of their licenses. Halper, 490 U.S. at 447 n. 7, 109 S.Ct. at 1901 n. 7. This Court concludes, however, that those suspensions did not constitute "punishment" for the purposes of analysis under the Double Jeopardy Clause.

*223 III. Disposition
Accordingly, the Court is not persuaded by Petitioners' argument that their prosecution represents a second punishment in violation of the Double Jeopardy Clause. As a result, Allen and Thompson's Petition's for Writs of Habeas Corpus are DENIED.
SO ORDERED.
NOTES
[1] Thompson could appeal the Third District Court's denial of her motion to dismiss. Allen's motion to dismiss has yet to be ruled on by the Third District Court.