THE STATE OF MISSOURI, Respondent, *v.* THOMAS ROSS, Appellant.

1. *Practice, criminal — Misdemeanor — Information — Repeal of law — Jurisdiction.* — Under the act touching laws, etc. (Wagn. Stat. 895, § 7), the court continued to have jurisdiction over one charged on information with a misdemeanor, notwithstanding that the act authorizing such proceeding was repealed pending the trial.

*Appeal from Ray Circuit Court.*

*J. W. Shotwell,* for appellant.

*John G. Woods,* for respondent.

BLISS, Judge, delivered the opinion of the court.

The defendant was charged, by information, with disturbing the peace of the family of the complaining witness, and fined $1. Before the case was tried, the act authorizing informations for misdemeanor was repealed, and defendant claims that the court in consequence ceased to have jurisdiction over him. But the general act concerning " laws," etc. (Gen. Stat. 1865, ch. 5, § 7; Wagn. Stat. 895), provides that " no action, plea or prosecution, civil or criminal, pending at the time any statutory provision shall be repealed, shall be affected by such repeal, but the same shall proceed in all respects as if such statutory provisions had not been repealed," etc., and this provision applies to all acts after the passage of the general statutes.

Defendant also claims that the judgment was not warranted by the evidence. No great disturbance was created by him, but it appears that he and others were out at night together for a common purpose ; that they came to the house of the complaining witness, supposing it to be another one ; that two of them went to the door, defendant remaining at the gate, and asked for admittance, using no violent or threatening language, but still language insulting to a decent family ; that when told to leave they did not do so until the complainant's daughter called for help. We do not think this is such a case of failure of evidence as to warrant our interference, even in a criminal prosecution.

The defendant's companions went to the house by his consent and procurance; they had a joint and common object — the commission of an immoral act, the suggestion of which would be offensive to the complaining witness and his family; in pursuance of that object the offense was committed and the family insulted, and the defendant should be satisfied with the slight punishment he has suffered for his connection with the affair.

Judgment affirmed. Judge Wagner concurs. Judge Adams absent.