Ex parte Alexander K. Wilson.—48 S. W. (2d) 919.

Court en Banc, April 12, 1932.*

*S. S. Nowlin, Omer H. Avery* and *Anderson, Gilbert & Wolfort* for petitioner.

---

*NOTE: Opinion filed at October Term, 1931, March 15, 1932; motion for rehearing filed; motion overruled at April Term, April 12, 1932.

*Stratton Shartel,* Attorney-General, and *Walter. E. Sloat* and *Edward G. Robison,* Assistant Attorney-Generals, for respondent.

232

HENWOOD, J.—The petitioner seeks, by our writ of *habeas corpus*, to be released from the penitentiary of this State, to which he was committed under a judgment and sentence of the Circuit Court of Montgomery County.

Issues of law only are presented by the writ and the return of the respondent (warden of the penitentiary) to the writ.

By an indictment filed in the Circuit Court of Pike County on October 16, 1929, the petitioner was charged with receiving a deposit of $100 in the People's Savings Bank of Bowling Green on January 26, 1928, as assistant cashier and a director thereof, with knowledge that the bank was then insolvent. The venue was changed to the Circuit Court of Montgomery County, where the jury found him guilty and assessed his punishment at imprisonment in the penitentiary for a term of three years, on January 29, 1931. His motion for a new trial was overruled on February 20, 1931, but the cause was continued and judgment and sentence deferred from term to term, pending the disposition of five other indictments against him, until November 2, 1931, when judgment was entered and he was sentenced in accordance with the verdict.

In 1931, the Legislature repealed Section 4116, Revised Statutes 1929, under which the petitioner was convicted, and the Act of 1931 became effective on September 14, 1931, before the judgment against the petitioner was entered. [Laws 1931, p. 201.]

Section 4468, Revised Statutes 1929, says: "No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision shall be repealed or amended, shall be affected by such repeal or amendment, but the trial and punishment of all such

offenses, and the recovery of such fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except that all such proceedings shall be conducted according to existing laws: *Provided,* that if the penalty or punishment for any offense be reduced or lessened by any alteration of the law creating the offense, such penalty or punishment shall be assessed according to the amendatory law.''

I. The petitioner first contends that the repeal of Section 4116 ''results in a total reduction of the punishment'' prescribed for the offense of which he was convicted, within the meaning of Section 4468, and that, therefore, the trial court was without authority to assess any punishment against him, or to enter any judgment against him, after the repeal of Section 4116.

There is nothing in Section 4468 to indicate such legislative intent, and it cannot be so interpreted. The general provision of this section, written in clear and unmistakable language, is that the repeal or amendment of a statute which creates an offense shall not affect the prosecution or the punishment of offenders for offenses committed prior to such repeal or amendment. And the meaning of the exception to the general provision is equally clear when the exception is considered in connection with the general provision; that is, that any offender against the criminal laws of this State shall have the benefits of any reduction in the punishment prescribed for the offense by an amendment of the law creating the offense which becomes effective after the commission of the offense but before the entry of judgment and sentence. Indeed, if Section 4468 should be given the construction for which the petitioner contends, the general provision thereof would be meaningless and would serve no purpose.

Moreover, Section 4468 must be construed in connection with Sections 661 and 662, Revised Statutes 1929, which reads as follows:

''Sec. 661. No offense committed, and no fine, penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, shall be affected by such repeal; but the trial and punishment of all such offenses, and the recovery of such fines, penalties and forfeiture, shall be had, in all respects, as if the provisions had remained in force.''

''Sec. 662. No action, plea, prosecution, civil or criminal, pending at the time any statutory provisions shall be repealed, shall be affected by such repeal; but the same shall proceed, in all respects, as if such statutory provisions had not been repealed, except that all such proceedings had after the time of taking effect of the Revised Statutes shall be conducted according to the provisions of

such statute, and shall be in all respects subject to the provisions thereof, so far as they are applicable."

These saving clauses, in so far as they relate to statutory offenses, have been upheld by this court in numerous decisions. [State v. Mathews, 14 Mo. 101; State v. Ross, 49 Mo. 416; State ex rel. v. Willis, 66 Mo. 131; State v. Proctor, 90 Mo. 334, 2 S. W. 472.] And we are supported in our construction of Section 4468 by the holding in State v. Walker, 221 Mo. 511, 120 S. W. 1198, wherein it was said: "Appellant's position that the occurrence of the local option election prior to the trial sufficed to prevent a conviction, because the dramshop act under which defendant was tried was not in force in the county at the time of the trial, might be well taken, but for the provision of section 2392 of the Revised Statutes of 1899 (now Sec. 4468, R. S. 1929). This section says no offense committed and no fine, penalty or forfeiture, or prosecution commenced or pending previous to or at the time when any statutory provision shall be repealed or amended, shall be affected by such repeal or amendment, but the trial and punishment of all such offenses, and the recovery of such fines, penalties or forfeitures, shall be had as if it had not been repealed or amended. There is a further provision in the clause that if the punishment or penalty for any offense is reduced or lessened after commision of the offense and before the trial of the offender, by alternation of the law creating the offense, such penalty or punishment shall be assessed according to the amended law. Such a general statute has been held to save indictments drawn on a statute which is afterwards repealed. [Mullinix v. People, 76 Ill. 211.] . . . We think the Dramshop Law, though it remains in force to regulate existing licenses, is repealed by the adoption of prohibition at an election held under the Local Option statute; that is, repealed in such sense as to bring into operation the saving clause of Section 2392 (now Sec. 4468) permitting indictments and informations theretofore found for infractions of the Dramshop Law, to be prosecuted and the delinquents punished."

II. The petitioner further contends that, unless Section 4468 is so construed as to permit the repeal of Section 4116 to operate as a total reduction of the punishment prescribed for the offense of which he was convicted, Section 4468 is unconstitutional, in that it denies to him the equal protection of the laws, in violation of Section 1 of Amendment XIV of the Constitution of the United States, which provides that "No State shall deny to any person within its jurisdiction the equal protection of the laws."

The authorities do not sustain this contention. "Equal protection of the laws means equal security or burden under the laws to

every one similarly situated; and that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or classes of persons in the same place and under like circumstances. It is secured where a law operates on all alike, and does not subject the individual to an arbitrary exercise of the powers of government. This provision therefore prohibits discriminating and partial legislation, favoring particular persons or against particular persons of the same class. It guarantees equality, but not identity, of privileges and rights." [1 Brill's Cyclopedia of Criminal Law, sec. 42.] "The Fourteenth Amendment means 'that no persons or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances.' [Missouri v. Lewis, 101 U. S. 22.] The general doctrine is that that amendment, in respect of the administration of criminal justice, requires that no different degree or higher punishment shall be imposed on one than is imposed on all for like offenses; but it was not designed to interfere with the power of the State to protect the lives, liberty or property of its citizens, nor with the exercise of that power in the adjudication of the courts of the State in administering the process provided by the law of the State. [In re Converse, 137 U. S. 624.]" [Moore v. Missouri, 159 U. S. 1. c. 678.] "The first contention (that the Ohio statute denies plaintiff in error the equal protection of the law) can only be sustained if the statute treat plaintiff in error differently from what it does others who are in the same situation as he. That is, in the same relation to the purpose of the statute." [Lloyd v. Dollison, 194 U. S. 1. c. 447.] "The equal protection clause of the Fourteenth Amendment does not take from the State the power to clasify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary." [Lindsley v. Natural Carbonic Gas Co., 220 U. S. 1. c. 78.]

The result of our construction of Section 4468 is to subject all offenders against any statute of this State to the punishment prescribed for the offense at the time it was committed, although the statute creating the offense is repealed before the entry of judgment and sentence, and to give all offenders against any criminal law of this State the benefit of any reduction in the punishment prescribed for the offense by an amendment of the law creating the offense before the entry of judgment and sentence. Thus it is seen that Section 4468, as we construe it, affects all offenders similarly situated and of the same class alike, and does not subject any offender to an arbitrary exercise of the powers of government. And, as we read and understand the authorities quoted above, Section

236

4468, when so construed, does not deny to the petitioner the equal protection of the laws, within the meaning of Section 1 of Amendment XIV of the Constitution of the United States.

 III. The petitioner finally contends that the saving clauses in Sections 661, 662 and 4468 discriminate between common-law offenders and statutory offenders, in that said saving clauses do not apply to common-law offenses, and, that by reason of such discrimination, he is denied the equal protection of the laws.

Under the laws of this State, there are only a few common-law offenses, and the punishment for common-law offenses is limited to a fine of one hundred dollars, or imprisonment for a term of two months, or both such fine and imprisonment. [Secs. 645, 646, R. S. 1929.] This may explain why we have no saving clause applicable to common-law offenses. However, a discrimination between common-law offenders and statutory offenders in this particular is not an unreasonable or arbitrary discrimination, and, therefore, does not violate the equal protection clause of the Constitution of the United States as interpreted by the highest authority. As we have already shown, this constitutional guaranty is not violated by the saving clauses in Sections 661, 662 and 4468, because said saving clauses operate equally and without discrimination on all offenders similarly situated and of the same class.

It follows that the petitioner should be remanded. It is so ordered. All concur.