STATE of Missouri, Respondent,

v.

James TIPPETT, Appellant.

No. 40483.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 9, 1979.

Karl F. Lang, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Katheryn Marie Krause, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard Poehling, Asst. Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant was charged with the possession of heroin, a Schedule I controlled substance. After a trial before a jury, he was found guilty and sentenced by the court pursuant to the provisions of § 195.200.1(3) to fifteen years in the Department of Corrections. This appeal followed.

The defendant makes no challenge to the sufficiency of the evidence. He contends first that the court erred in overruling his motion to suppress because the heroin was illegally seized.

The evidence was seized by Detectives Hylla and Jacobsmeyer of the St. Louis Police Department. On the evening of March 31, 1977, they conducted a surveillance of the Bell Manor Hotel located at 3656 Cook in the City of St. Louis. The officers had information supplied by a confidential informant that defendant was distributing heroin out of the third floor front apartment. During their observation of the hotel, they estimated that fifteen automobiles drove up to the hotel, a passenger or the driver would alight from the vehicle, enter the hotel, reappear several minutes later and depart from the scene. After keeping watch for approximately 50 minutes, the officers entered the hotel to learn defendant's room number for purposes of securing a search warrant. They entered through the front door, which they stated was open, and then ascended the stairs to the third floor of the building. They indicated that the stairwell door at the third floor was open and that when near the top of the stairs they heard the defendant say: "Let's mix the dope and cap it." They recognized his voice because a prior throat injury suffered by defendant made it distinctive. The detectives then walked to the open door of defendant's room and discovered him poised with two clear plastic bags containing a brown powder in his right hand and money in his left hand. Defendant unsuccessfully attempted to hurl the bags out of the window when he saw the officers. The bags were seized by Detective Jacobsmeyer and subsequent analysis by a criminologist revealed that the powder contained heroin.

At the hearing held on his motion to suppress, defendant introduced evidence tending to show that the detectives illegally entered his room by forcibly kicking in the door. He introduced photographs taken the morning after his arrest portraying the damage to the door. He also presented evidence that the police had illegally entered the hotel by breaking in the front door and had jimmied the stairwell door on the third floor to reach said floor.

Our review of this claim is limited to a determination of whether the evidence was sufficient to sustain the trial court's finding. *State v. Duncan*, 540 S.W.2d 130, 136 (Mo.App.1976). As with other issues tried to the court without a jury, when judging the sufficiency of the evidence, we accept all evidence tending to support the trial court's conclusions and disregard all inferences which could be drawn to the contrary. See *State v. Cook*, 557 S.W.2d 484, 485 (Mo.App.1977).

Here, the court was confronted with two conflicting versions of the events which transpired on the evening of defendant's arrest. It was for the trial court to judge the credibility of the witnesses and resolve any conflicts or inconsistencies in their testimony, *id.* at 485, and that court's decision on the issue of credibility is binding on this court. *State v. Oldham*, 546 S.W.2d 766, 769 (Mo.App.1977).

With these principles in mind, we find that the trial court properly overruled defendant's motion to suppress. A warrantless search is generally considered to be unreasonable under the Fourth and Fourteenth Amendments unless it is within one of the exceptions to the warrant requirement. One exception is a search incident to a lawful arrest. *State v. Moomey*, 581 S.W.2d 899, 901 (Mo.App.1979). Another exception is seizure of evidence in plain view. *State v. Epperson*, 571 S.W.2d 260, 263 (Mo. banc 1978), cert. denied —— U.S. ——, 99 S.Ct. 2820, 61 L.Ed. 274 (1979).

The plain view doctrine mandates that the police have a prior justification for the initial intrusion and that they come across the evidence incriminating the accused inadvertently. *Coolidge v. New Hampshire*, 403 U.S. 443, 466, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1973). In this instance, the defendant's direct reference to narcotics supplied probable cause[1] for his arrest and thus justified the initial intrusion. Once the officers entered the room and perceived the defendant standing by the bed with the bags of brown powder in his hands, the bags were subject to seizure as evidence in plain view. Discovery of the heroin in this fashion was not a search within the meaning of the Fourth and Fourteenth Amendments. *State v. Collett*, 542 S.W.2d 783, 786–787 (Mo. banc 1976); *State v. Sain*, 412 S.W.2d 131, 135 (Mo.1967).

Defendant's other point is that the trial court erred in finding that he had previously been convicted of two felonies under the laws of Missouri relating to controlled substances. Defendant was convicted in 1965 under § 195.020 RSMo 1959 for possession of less than 35 grams of marijuana. Section 195.020 made possession of any narcotic drug a felony.[2] Defendant now urges that a general revision of the drug laws in 1971, which reduced possession of marijuana under 35 grams to a misdemeanor, retroactively reduced his 1965 conviction to a misdemeanor and thus required that he be sentenced under § 195.200.1(2) RSMo 1975 Supp., which provides a minimum sentence of five years, and not § 195.200.1(3) RSMo 1975 Supp., which provides a minimum sentence of ten years.

Defendant relies upon *State v. Reiley*, 476 S.W.2d 473 (Mo.1972) and its interpretation of § 1.160 RSMo 1969 to support his argument. Section 1.160 provides:

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses and the recovery of the fine, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended except (1) that all such proceedings shall be conducted according to existing laws; and (2) that if the penalty is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law.

In *Reiley*, the defendant was convicted of possession of a narcotic drug and sentenced to three years imprisonment. While the case was on appeal, the statute was amended, the amendment making the offense a misdemeanor rather than a felony. The Supreme Court remanded the case for assessment of punishment consistent with the revision of the statute.

The circumstances of *Reiley* are, however, different than those we are confronted with in this case. Here, sentence and judgment were entered against defendant prior to any amendment in the law, and no amendments or changes took effect before a final disposition of the 1965 conviction. *In ex*

---

1. "[P]robable cause exists where 'the facts within the knowledge [of the officers] and of which they had reasonably trustworthy information [are] sufficient within themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *State v. Dayton*, 535 S.W.2d 479, 486 (Mo.App.1976) quoting *Carroll v. United States*, 267 U.S. 132, 161, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

2. At that time, marijuana was defined as a narcotic drug. § 195.010(17) RSMo 1959.

*Parte Wilson*, 330 Mo. 230, 233, 48 S.W.2d 919, 920 (banc 1932) the Supreme Court in construing then § 4468 RSMo 1929 (now § 1.160) stated:

> And the meaning of the exception to the general provisions is equally clear when the exception is considered in connection with the general provisions; that is, that any offender against the criminal laws of this state shall have the benefit of any reduction in the punishment prescribed for the offense by an amendment of the law creating the offense which becomes effective after the commission of the offense but before the entry of judgment and sentence.

We have generally held that statutes are to apply prospectively only, unless a clear legislative intent that they be given retroactive operation appears. *Gray v. State*, 524 S.W.2d 172, 173 (Mo.App.1975). We find no such legislative intent here, and we decline to adopt a construction of § 1.160 which would only further unsettle and complicate the trial of criminal cases. This point is without merit.

Judgment affirmed.

GUNN and CRIST, JJ., concur.