James W. REVELLE, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15537.

Missouri Court of Appeals, Southern District, Division Two.

June 16, 1988.

---

Sidney T. Pearson, III, Pearson & Carter, St. James, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant entered a plea of guilty on June 26, 1986, to a class C felony of stealing. He was sentenced to five years' imprisonment. On December 13, 1986, he filed a motion under former Rule 27.26 seeking to vacate his conviction and sentence. Following an evidentiary hearing the trial court issued findings of fact, conclusions of law and judgment denying the motion. Movant appeals. As sentence was pronounced and the Rule 27.26 motion filed before January 1, 1988, all proceedings continue to be governed by that rule. Rule 24.035(*l*).

Movant contends that the trial court erred in finding that he entered his plea freely, knowingly and voluntarily because he did so after being "incorrectly informed that he would be exposed to potential liability of thirty (30) years imprisonment if he did not accept the state's plea bargain offer" of five years' imprisonment. Movant states that his plea was not voluntary because "he was induced to enter it by the apprehension of the potential of a penalty that was not authorized or available if he was found guilty after a trial."

Movant had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f). Appellate review is limited to determining whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j).

Movant and another were charged with stealing two 22 calibre rifles, owned by two different people on October 14, 1983. Stealing a firearm is a class C felony. § 570.030.3(3)(d), RSMo Supp.1983. The authorized term of imprisonment for a class C felony is not to exceed seven years. § 558.011.1(3), RSMo Supp.1983. For a person found to be a persistent offender or dangerous offender the term of imprisonment for a class C felony can be up to 15 years. § 558.016.6(3), RSMo Supp.1983.

The record indicates that movant had several prior convictions and might have been prosecuted as a persistent offender. At the hearing where movant pled guilty his attorney advised the trial court, in front of movant, that he believed that if the guilty plea was not entered that the information would be amended whereby movant would be charged as a persistent offender and be exposed to possibility of thirty years' imprisonment. The attorney testi-

fied at the motion hearing that the information could have been interpreted as being in two counts of stealing or could have been amended to allege two counts charging movant as a persistent offender. That is how he arrived at the exposure of a "possible total liability of thirty years."

Counsel had a duty to advise movant of the potential penalty facing him. See *Smith v. State,* 513 S.W.2d 407, 411 (Mo. banc 1974), cert denied 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Wade v. State,* 698 S.W.2d 621, 623 (Mo.App.1985). It is not disputed that amendment as contemplated by movant's counsel could have occurred. Nor does the record show that the "Single Larceny Rule" would be applicable to the charge or charges here. See *State v. Lawhorn,* 574 S.W.2d 455, 458 (Mo.App.1978). See also *State v. Cabell,* 539 S.W.2d 584, 586–587 (Mo.App.1976) (separate robberies of husband and wife).

Movant's motion is premised on the contention that his attorney's advice was erroneous, but it was not shown to have been. Movant had the burden to show that by the preponderance of the evidence. He did not do so. It was true that as charged thirty years' imprisonment could not have occurred, but the attorney's advice was not based on the charge as it was presently filed but on the potential imprisonment if the charge was amended.

The trial court's findings, conclusions, and judgment were not clearly erroneous. The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.