**James Thomas GUYON, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 57413.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 31, 1990.

Laurence G. Schmidt, Public Defender, Hillsboro, for movant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

James Guyon was originally charged by information with burglary in the second degree, § 569.170; stealing over $150, § 570.030; and possession of burglary tools, § 569.180 RSMo 1978. Pursuant to a plea agreement the state filed an amended information which charged only burglary in the second degree, but as a persistent offender. The amended information was prepared and filed October 29, 1984. On the same day appellant pled guilty to the burglary charge and was sentenced to ten years imprisonment as a persistent offender. This is an appeal from denial of postconviction relief. Rule 24.035. We affirm.

Appellant contends his plea of guilty was not knowingly and voluntarily given. He claims the court failed to inform him of the maximum punishment range of the offense to which he entered his plea. Rule 24.-02(b)1 requires the court to inform defendant of the "maximum possible penalty by law." If aware of the maximum penalty, he asserts he would not have entered the guilty plea.

In a Rule 24.035 proceeding this court is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). The court's findings and conclusions are clearly erroneous only if review of the entire record leaves this court with a definite and firm impression a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

After a guilty plea movant can attack his plea only on the grounds that it was not knowingly and voluntarily made. *Fairley v. State*, 770 S.W.2d 458, 459 (Mo. App.1989). In making this determination, the material inquiry is whether movant was mislead, or under a misapprehension, at the time he entered his plea of guilty. *Ventimiglia v. State*, 639 S.W.2d 213, 214 (Mo. App.1982).

The original charges against movant did not allege he was a prior and persistent offender. Before the hearing, the state amended the information charging movant only with burglary second degree and further alleged prior and persistent offender status. This charge exposed defendant to a term of fifteen years. However, the state could have maintained burglary second degree, stealing and possession charges together with prior and persistent offender status for each. Consecutive sentences on these three charges for a prior offender could have been forty years. Movant testified that before pleading guilty his attorney advised him proceeding to trial could result in a thirty-five to forty year sentence. Counsel advised movant correctly.

Movant has failed to show that the court or counsel mislead him as to the pertinent maximum sentence. Since he testified to the fact his attorney informed him of the possibility of receiving thirty-five to forty years, this advice was not coercive. Except for the plea agreement to dismiss two charges in exchange for a plea to one, a reduced burglary, the state was free to charge prior offender status and try all charges. Advising defendant only on the potential imprisonment if the charge is amended, and not on the charge as presently filed, does not render the plea involuntary. *Revelle v. State*, 752 S.W.2d 74, 76 (Mo.App.1988).

Furthermore, where defendant is aware of the maximum punishment, as he was here, failure by the court to inform him of the maximum sentence is but a harmless, technical violation of Rule 24.-02(b)1. *Murrain v. State*, 714 S.W.2d 177, 178–179 (Mo.App.1986).

Thus, neither the court nor defense counsel mislead defendant. He understood the nature of the charges, the possible maximum sentences and the plea agreement. The motion court's determination that movant voluntarily pled guilty is not clearly erroneous.

Judgment affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.