George HOFFMAN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 17406.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 9, 1991.

J. Gregory Mermelstein, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant entered a plea of guilty to stealing, sodomy and armed criminal action. He received consecutive terms of imprisonment of 5 years, 25 years and 25 years. Thereafter, movant filed a pro se motion for postconviction relief under Rule 24.035. An attorney was appointed to represent him and filed an amended motion. Following an evidentiary hearing the trial court made findings of fact, conclusions of law and entered judgment denying the motion.

Appellate review is to determine if the trial court's determination is clearly erroneous. Rule 24.035(j). Movant had the burden of proof on his motion. Rule 24.035(h). Deference is given to the trial court's determination of the credibility of witnesses. *Brummell v. State*, 770 S.W.2d 379, 380 (Mo.App.1989).

Movant contends in his first point that he received ineffective assistance of counsel as his attorney misled him into believing he would receive less than 30 years upon pleading guilty. He asserts in that point that his attorney failed to inform him that the sentences for the offenses could run consecutively.

Previous to movant's pleas of guilty, the prosecuting attorney proposed a "plea bargain" of 30 years. Movant's counsel testified he though that was "unfair" and told movant that if the case went to trial he "firmly believed that we could beat 30 years. I didn't guarantee it, but I told him that I believed it." The attorney said movant "was adamant about not going to trial. That was his idea as opposed to my idea." The attorney said that movant and he "had many discussions on what the options were, the known 30 years versus the unknown. And he opted to go for the unknown."

█ Whether a guilty plea is voluntarily and intelligently made is not whether a particular ritual is followed or whether each and every detail is explained to defendant, but whether the plea in fact is intelligently and voluntarily made. *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978). Receiving a longer sentence than hoped for does not make a plea involuntary. *Id.*; *McCall v. State*, 771 S.W.2d 357, 359 (Mo. App.1989); *Oldham v. State*, 740 S.W.2d 213, 214 (Mo.App.1987).

█ There was sufficient basis for the trial court to find, based on the testimony of movant's attorney, that defendant knowingly and voluntarily declined to accept the plea bargain agreement and decided instead to allow the court to assess the punishment without an agreement. In addition, there was sufficient evidence for the trial court to find that movant knew the sentences could run consecutively. Point one is denied.

For his second point movant states that the court erred in not vacating his convictions and sentences because the record shows that Rule 24.02(b)1 was not complied with. This contention was not raised in movant's motion.

█ Postconviction relief claims not raised in the trial court cannot be reviewed on appeal. *State v. Berry*, 798 S.W.2d 491, 495 (Mo.App.1990); *Bockover v. State*, 794 S.W.2d 334, 339 (Mo.App.1990). Nor do we

find any "plain error" under Rule 84.13(c). The record shows substantial compliance with Rule 24.02(b)1. Point two is denied.

Movant asserts in his third point that the trial court erred in denying the motion because his postconviction motion counsel failed to fulfill his duty under Rule 24.-035(e) to allege all grounds in an amended motion. He states that his criminal trial counsel failed to seek a second mental examination, thus violating Rule 24.035(e).

■ Ineffective assistance of counsel in a postconviction relief proceeding "is not cognizable" in that proceeding. *Pollard v. State*, 807 S.W.2d 498, 502 (Mo. banc 1991); *Sloan v. State*, 779 S.W.2d 580, 583 (Mo. banc 1989), cert. denied —— U.S. ——, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990). Point three is denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.