**Elijah BARNES, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

No. 60096.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 28, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 3, 1992.

Application to Transfer Denied
April 21, 1992.

Cheryl Rafert, St. Louis, for movant/appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent/respondent.

REINHARD, Presiding Judge.

Movant appeals from the denial of his Rule 24.035 motion following an evidentiary hearing. We affirm.

Movant pleaded guilty to illegal possession of heroin, § 195.020, RSMo 1986, on October 13, 1988. On December 16, 1988, the court sentenced him to ten years imprisonment with execution of sentence suspended and placed him on two years probation. At the time movant was sentenced, the maximum sentence for the charge was twenty years imprisonment. Section 195.-200.1(1), RSMo 1986 (repealed effective August 28, 1989).

On April 6, 1990, movant admitted violating conditions of probation. The court revoked probation and executed the ten year sentence.

Movant filed *pro se* and amended Rule 24.035 motions and requested an evidentiary hearing. The amended motion alleged

that trial counsel was ineffective for failing to object to the execution of a sentence which was "excessive and disproportionate" and for failing to adequately explain movant's trial rights and the nature of the charge. In addition, the motion alleged that the plea court abused its discretion by not informing movant of his trial rights; imposing an excessive and disproportionate sentence; and imposing a sentence in excess of statutory guidelines as they existed at the time the sentence was executed.[1]

Following an evidentiary hearing, the motion court issued findings of fact and conclusions of law denying the motion. The court held that movant's sentence was not excessive and was within the statutory range of punishment under the laws existing at the time the sentence was imposed (December 16, 1988). The court also found that movant's plea was knowing and voluntary and that counsel was not ineffective for failing to object to a proper sentence.

█ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Chatman v. State*, 766 S.W.2d 724, 725 (Mo.App.1989). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App. 1986).

On appeal, movant contends that the motion court erred in executing the ten year sentence because the maximum sentence permitted by law on the day probation was revoked and sentence was executed was seven years. He also contends the court erred in not finding that trial counsel was ineffective because she did not object to the sentence on that ground.

Section 1.160, RSMo 1986, provides that: No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except ... (2) that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law.

In *State v. Tippett*, 588 S.W.2d 742 (Mo. App.1979), we applied a ruling of our supreme court to a drug possession case and interpreted the meaning of § 1.160. We held that the defendant could not retroactively have a felony drug conviction reduced to a misdemeanor because of the impact of that statute when the judgment and sentence had already been entered and the case finally disposed of. *Id.* We quoted the supreme court's en banc opinion in *Ex Parte Wilson*, 48 S.W.2d 919 (Mo. banc 1932) as follows:

And the meaning of the exception to the general provisions is equally clear when the exception is considered in connection with the general provision; that is, that any offender against the criminal laws of this state shall have the benefit of any reduction in the punishment prescribed for the offense by an amendment of the law creating the offense which becomes effective *after the commission of the offense but before the entry of judgment and sentence.* [Emphasis ours.]

*Tippett*, 588 S.W.2d at 745, *quoting Wilson* at 920 (interpreting then § 4468, RSMo 1929, now § 1.160). *See also Gallup v. State Dep't of Corrections*, 733 S.W.2d 435, 438 (Mo. banc 1987) (Robertson, J., dissenting).

In *Evans v. State*, 779 S.W.2d 253 (Mo. App.1989), we held that a defendant under a suspended *imposition* of sentence (SIS) must receive the benefit of a new, lower maximum punishment in existence at the time his probation is revoked and sentence is imposed. We emphasized that such a case is still "pending" for purposes of

---

1. The maximum sentence for possession of heroin at that time was seven years imprisonment.

*See* §§ 195.202.2 and 558.011.1(3), RSMo Cum Supp 1990.

§ 1.160, RSMo 1986, because a final determination of sentence has not been made which disposes of the case. *Id.* at 255. We also stated that an SIS is not an appealable order, *State v. Lynch,* 679 S.W.2d 858 (Mo. banc 1984), and is not a "judgment." *Evans* at 255.

■ However, as *State v. Bachman,* 675 S.W.2d 41 (Mo.App.1984) makes plain, a suspended *execution* of sentence (SES) differs from an SIS in that a judgment of execution is entered, with only the act of punishment suspended. *Id.* at 46. *See also State ex. rel. Light v. Sheffield,* 768 S.W.2d 590 (Mo.App.1989); 24 C.J.S. *Criminal Law* § 1549 (1989). In the case of an SES, a criminal conviction has been entered, *Bachman* at 46, and there is no prosecution "pending." 24 C.J.S. *Criminal Law* § 1547. The sentence has already been "assessed;"[2] only the act of executing it has been suspended. *State ex. rel. Light v. Sheffield,* 768 S.W.2d at 592. The suspension of execution does not affect the sentence itself. 24 C.J.S. *Criminal Law* § 1548.

■ We recognize that some language in *Bachman* may be interpreted as holding that the trial court retains jurisdiction during the period of probation and that the sentence is therefore still "conditional." *See Bachman,* 675 S.W.2d at 46–47. However, that language was understood by the court to be dicta. *Bachman* at 46. Under Missouri law the granting of a conditional order such as probation or parole is not part of the trial nor is it in any way incident to it. *Gallup,* 733 S.W.2d at 436. Probation is not part of the sentence, nor is it a sentence itself. *Id.; McCulley v. State,* 486 S.W.2d 419, 423 (Mo.1972). In effect, probation operates independently of the criminal sentence. 24 C.J.S. *Criminal Law* § 1549.[3] *See also Gallup* at 436.

We also recognize that movant would be entitled to relief if his case had been pending on direct appeal when the statutory reduction of sentence took place. *State v.*

*Sumlin,* 820 S.W.2d 487 (Mo. banc 1991). However, movant did not appeal and the judgment was therefore final and not pending when the new act took effect. *Sumlin,* 820 S.W.2d 487, 490 (Mo. banc 1991); BLACK'S LAW DICTIONARY 1134 (6th ed. 1990) ("an action or suit is 'pending' from its inception until the rendition of final judgment").

Because the judgment and sentence of the court had been entered when the statutory reduction of sentence took effect, movant is not entitled to the benefit of the new statute under § 1.160. *Tippett,* 588 S.W.2d at 745. The fact that the court, in its capacity as supervisor of movant's probation, saw fit to revoke that probation and permit the sentence previously imposed and entered to be executed is simply not dispositive under the case law.

Judgment affirmed.

GARY M. GAERTNER and CRANE, JJ., concur.

---

2. "Assessed" has been defined as equivalent to "imposed". BLACK'S LAW DICTIONARY 116 (6th ed. 1990).

3. We recognize that CJS refers to a "sentence" of probation, albeit one which operates independently of the criminal sentence. However, strictly speaking, probation is not a "sentence" in the state of Missouri as the above cases make plain.