**Donald FINLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 46150.**

Missouri Court of Appeals,
Western District.

Nov. 24, 1992.

Robert E. Steele, Jr., Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and ULRICH and SMART, JJ.

PER CURIAM.

Donald Finley appeals from the denial, following an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. Finley contends that his sentence exceeded the maximum statutory penalty for the crime.

The judgment is affirmed.

Finley pleaded guilty to the possession of lysergic acid diethylamide, a Schedule I controlled substance, § 195.020, RSMo 1986. On September 1, 1987, the trial court sentenced him to a twenty-year term of imprisonment pursuant to § 195.200.1(1), RSMo 1986. The trial court suspended the execution of the sentence and placed Finley on a five-year period of probation.

In 1989, while Finley was on probation, the Missouri General Assembly adopted the Comprehensive Drug Control Act, which reduced the maximum statutory penalty for the possession of lysergic acid diethylamide to a seven-year term of imprisonment. On August 9, 1991, the trial court revoked Finley's probation and executed his twenty-year sentence.

Finley then instituted a Rule 24.035 proceeding, in which he claimed that his twenty-year sentence exceeded the statutory limits established by the 1989 legislation. His motion was denied by the motion court after an evidentiary hearing.

In his sole point on appeal, Finley relies upon the fact that the Comprehensive Drug Control Act of 1989—which imposed a seven-year maximum penalty for his offense—was the existing law by the time that his probation was revoked and his sentence was executed. It is Finley's contention that Missouri's "savings" statute, § 1.160, RSMo 1986, required the trial court to apply the 1989 Act's seven-year maximum penalty to his offense, and thus the trial court acted improperly when it ordered him to serve the twenty-year sentence which had been previously imposed.

Section 1.160 provides that the repeal or amendment of a penal law has no effect on pending prosecutions unless the amendment or repeal reduces the punishment. Section 1.160 provides in part that:

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment ... except ... that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law.

The Missouri Supreme Court, in *Ex parte Wilson*, 330 Mo. 230, 48 S.W.2d 919, 920 (Mo. banc 1932), interpreted this statutory language as follows:

> The general provision of this section ... is that the repeal or amendment of a statute which creates an offense shall not affect the prosecution or the punishment of offenders for offenses committed prior to such repeal or amendment. And the meaning of the exception is ... that any offender against the criminal laws of this state shall have the benefit of any reduction in the punishment prescribed for the offense by an amendment of the law creating the offense which becomes effective *after the commission of the offense but before the entry of judgment and sentence.* (Emphasis added.)

This interpretation has been reaffirmed in a number of more recent cases. *Mannon v. State*, 788 S.W.2d 315, 322 (Mo.App. 1990); *State v. Tippett*, 588 S.W.2d 742, 745 (Mo.App.1979).

According to this interpretation, it is clear that Finley would not be entitled to the reduced penalty of the 1989 legislation if the new law became effective after the entry of his judgment and sentence. Consequently, the determinative issue in this case is whether a suspended execution of sentence constitutes an "entry of judgment and sentence" for the purposes of § 1.160.

Faced with an identical fact situation, the Eastern District recently concluded in *Barnes v. State*, 826 S.W.2d 74, 76 (Mo. App.1992) that, when a defendant receives a suspended execution of sentence prior to the enactment of a new, more lenient statutory penalty, the suspended execution of sentence does constitute an "entry of judgment and sentence," and the defendant is not entitled to the benefit of the new statutory penalty under § 1.160. In support of its holding, the court noted that, in the case of a suspended execution of sentence, a criminal conviction has been entered, there is no prosecution "pending," the sentence has already been imposed, and only the act of executing the sentence has been suspended. 826 S.W.2d at 76.

The Eastern District also recognized that a defendant would be entitled to the lower statutory penalty if his case had been pending on direct appeal when the statutory reduction of sentence took place. *Id.* There is no record of a direct appeal filed in the case at bar.

We find the rationale of *Barnes v. State* to be persuasive, and we adopt it in the case now before us. We also agree with the Eastern District that such a rationale does not conflict with this court's holding in *State v. Bachman*, 675 S.W.2d 41 (Mo. App.1984). The *Bachman* court's suggestion that a judgment of conviction becomes final at the end of a defendant's probation was merely dicta, and the case itself did not involve § 1.160, but the closure of a defendant's criminal records.

 In reviewing a Rule 24.035 proceeding, the appellate court is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Guyon v. State*, 792 S.W.2d 708, 709 (Mo.App.1990). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.*

We find no such error in the case at bar. Accordingly, the judgment of the motion court is affirmed.