**David GLEASON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 18083.**

Missouri Court of Appeals,
Southern District,
Division One.

April 1, 1993.

Lew Kollias, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Runzi, Asst. Atty. Gen., Jefferson City, for respondent.

SHRUM, Judge.

David Gleason (the movant) appeals from the denial, following an evidentiary hearing, of his Rule 24.035 motion for postconviction relief.

The movant first claims, as a matter of "plain error," that his twelve-year sentence exceeds the maximum statutory penalty for the crime. Secondly, he claims the evidence was not sufficient to support the motion court's finding that his trial counsel was not ineffective. We affirm the judgment.

On November 5, 1987, the movant pled guilty to illegal possession of amphetamine

in violation of § 195.020, RSMo1986. Pursuant to a plea agreement, he was sentenced to twelve years' imprisonment. Execution of that sentence was suspended. The movant was placed on three years' supervised probation. At the time of sentencing, the maximum sentence for the charge was twenty years' imprisonment. § 195.200.1(1), RSMo 1986 (repealed effective August 28, 1989).

In April 1988 the movant was charged with violations of the conditions of his probation. After a hearing, his probation was revoked on August 10, 1989. The suspension of execution of the movant's twelve-year sentence was then lifted, and the trial court ordered that the previously assessed sentence be executed.

The movant timely filed his Rule 24.035 motion and asked for an evidentiary hearing. Included in his motion was an allegation of ineffective assistance of counsel because his plea counsel did not tell him of the twelve-year penitentiary sentence portion of the plea agreement. Absent from the motion was a claim that the twelve-year sentence was in excess of the maximum sentence authorized by law.

Following an evidentiary hearing, the motion court found that the movant: failed to carry his burden of proof, understood the nature of the charges against him and the consequences of his plea, and that his plea was freely and voluntarily made. The motion court also found the movant's attack on his plea counsel's representation of him was unfounded and the movant's evidence was not credible. This appeal followed.

In Point I the movant asks that we make a "plain error" review of the motion court's denial of his Rule 24.035 motion, claiming that the sentence executed was in excess of the maximum authorized by law. He argues that the Missouri's "savings" statute, § 1.160, RSMo1986,[1] applies so as to make the Comprehensive Drug Control Act of 1989[2] (effective date August 28, 1989)—which imposed a seven year penalty as the maximum penalty for his offense—the existing law that should have been followed.

To reach that result, he suggests that his Rule 24.035 motion "is analogous to an appeal following a jury tried case, and therefore the rationale" of *State v. Sumlin*, 820 S.W.2d 487, 490 (Mo. banc 1991), and its progeny should apply.[3] He makes that claim despite the fact that his sentence was assessed before the effective date of the amendment and he never appealed his conviction. He maintains that his case is yet *pending* within the meaning of § 1.160 because he filed a Rule 24.035 postconviction motion; that "[a]s a practical matter, an action filed under Rule 24.035 is a direct continuation of the criminal guilty plea proceeding and should be considered an appeal" for the purpose of determining when a case is "pending" within the meaning of § 1.160.

Postconviction relief claims not raised in the trial court cannot be reviewed on appeal. *Hoffman v. State*, 816 S.W.2d 930, 931[4] (Mo.App.1991). Here, the movant acknowledges that his first point was not presented to the motion court. Nevertheless, he requests plain error review of his claim pursuant to Rule 84.13(c).[4] *See*

---

1. § 1.160 provides that the repeal or amendment of a penal law has no effect on *pending* prosecutions unless the amendment or repeal reduces the punishment. Specifically it reads:

    "No offense committed and no ... penalty ... incurred, or prosecution commenced or *pending* previous to or at the time when any statutory provision is repealed or amended shall be affected by the repeal or amendment ... except ... that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law." (Emphasis ours.)

2. The "Comprehensive Drug Control Act of 1989" is §§ 195.005 to 195.425. § 195.005, RSMo Supp.1989.

3. *Sumlin*, 820 S.W.2d 487, holds that the "savings" statute, § 1.160, applies to a drug possession case that is pending on appeal at the time of the enactment of the "Comprehensive Drug Control Act of 1989."

4. Rule 84.13(c) reads: "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

*McCoo v. State,* 844 S.W.2d 565, 568 (Mo. App.1992).

We do not find any "plain error" under Rule 84.13(c). A "suspended execution of sentence" is not a "pending" prosecution under § 1.160. *See Finley v. State,* 847 S.W.2d 105, 107 (Mo.App.W.D.1992). In *Barnes v. State,* 826 S.W.2d 74, 76 (Mo. App.1992) (footnote omitted, citations omitted), the Eastern District explained:

> In the case of an SES [suspended execution of sentence], a criminal conviction has been entered, *[State v.] Bachman,* [675 S.W.2d 41] at 46 [ (Mo.App.1984) ], and there is no prosecution "pending." 24 C.J.S. *Criminal Law* § 1547. The sentence has already been "assessed;" only the act of executing it has been suspended. *State ex. rel. Light v. Sheffield,* 768 S.W.2d [590] at 592. [ (Mo.App. 1989) ]. The suspension of execution does not affect the sentence itself. 24 C.J.S. *Criminal Law* § 1548.
>
> . . . .
>
> Under Missouri law the granting of a conditional order such as probation or parole is not part of the trial nor is it in any way incident to it. *Gallup [v. State]* 733 S.W.2d [435] at 436 [ (Mo.1987) ]. Probation is not part of the sentence, nor is it a sentence itself. *Id.; McCulley v. State,* 486 S.W.2d 419, 423 (Mo.1972). In effect, probation operates independently of the criminal sentence.
>
> . . . .
>
> [M]ovant would be entitled to relief if his case had been pending on direct appeal when the statutory reduction of sentence took place. *State v. Sumlin,* 820 S.W.2d 487 (Mo. banc 1991). However, movant did not appeal and the judgment was therefore final and not pending when the new act took effect.

The rationale of *Finley* and *Barnes* is persuasive of the fact that no manifest injustice or miscarriage of justice occurred here. The movant was not entitled to a reduction of sentence because his case was not pending within the meaning of § 1.160 when the new act became effective on August 28, 1989. Cases relied on by the movant do not support his argument.[5] Point I is denied.

■ The movant asserts in his second point that the motion court erred in denying the motion because his trial counsel was ineffective in failing to advise him he was being sentenced to twelve years and, as such, his guilty plea was not knowingly and voluntarily made.

Appellate review of a Rule 24.035 motion is to determine if the trial court's determination is clearly erroneous. Rule 24.035(j). The movant had the burden of proof on his motion. Rule 24.035(h). We defer to the trial court's determination of the credibility of witnesses. *Hoffman,* 816 S.W.2d 930.

Evidence before the motion court included testimony from the movant's trial counsel. Summarized, his testimony was that previous to the movant's plea of guilty the prosecuting attorney proposed a "plea bargain" of twelve years, with execution of sentence to be suspended and the movant to be placed on three years' supervised probation after serving thirty days of "shock" time. Other pending cases were to be dismissed.

Trial counsel discussed with the movant "the impact upon him with regards to the twelve years." He explained to the movant that he was required to know the contents of a written "petition to plead guilty" before he signed it. The guilty plea petition which the movant signed before entering his guilty plea recited that the sentence to be imposed was twelve years. In the pres-

5. The movant cites *Evans v. State,* 779 S.W.2d 253, 254 (Mo.App.1989) where *imposition* of appellant's sentence was suspended. In contrast here the movant's sentence was imposed and assessed, but its execution was suspended. *See, e.g., Barnes,* 826 S.W.2d at 76 for an explanation of the distinction. The movant's reliance on *Searcy v. State,* 784 S.W.2d 911 (Mo.App.1990) is misplaced; there the amendatory statute was enacted after appellant committed the crime but before he was charged therewith. Finally, in *Hamil v. State,* 778 S.W.2d 247 (Mo.App.1989), appellant was convicted by a jury and his conviction was pending on appeal when the statutory revision occurred. That is totally unlike here where a guilty plea was entered and no appeal was taken.

**54**

ence of the movant's father and girlfriend, trial counsel explained to the movant that his conviction was for twelve years. Moreover, trial counsel discussed with the movant that twelve years was a heavy penalty to pay for probation. In the face of that explanation, it was "[the movant's] choice to take that plea."

There was sufficient basis for the trial court to find, based on the testimony of the movant's attorney and the language of the guilty plea petition, that the movant was advised previous to his plea that his sentence would be twelve years, and that his guilty plea was made knowingly and voluntarily. The motion court's findings and conclusions of law are not clearly erroneous. We have no definite or firm impression that a mistake was made by the motion court.

We affirm.

PARRISH, C.J., and CROW, P.J., concur.