Juan SOTO, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 18319.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 10, 1993.

Lew Kollias, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Judge.

Appellant (Movant) pleaded guilty to one count of transportation of marijuana and one count of possession of more than 35 grams of marijuana pursuant to § 195.025 [1] and § 195.020 (now repealed), respectively. He was sentenced to ten years' imprisonment on the transportation count and five years on the possession count, with the sentences to run concurrently.

A timely *pro se* Rule 24.035 motion was filed but was dismissed without an evidentiary hearing. Movant appealed and this court remanded for a determination of whether counsel abandoned Movant by failing to comply with Rule 24.035(e). *Soto v. State*, 813 S.W.2d 126 (Mo.App.1991). The motion court then appointed counsel, an amended 24.035 motion was filed, and an evidentiary hearing was held. This appeal is from the court's denial of that motion.

Movant raises two points on appeal: 1) Movant's conviction for both possession of more than 35 grams of marijuana and transportation of marijuana violated his right to be free from double jeopardy; and 2) Movant's sentence should have been corrected because the applicable punishment for transporting marijuana was decreased shortly after his sentencing.

■ Rule 24.035(j) states that "[a]ppellate review of the trial court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." *See also Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied, sub nom. Walker v. Mis-*

*souri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989); *Edmonds v. State*, 819 S.W.2d 90, 91 (Mo.App.1991). Such findings and conclusions are deemed clearly erroneous only when the appellate court is left with a definite and firm impression that a mistake has been made. *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990), *cert. denied*, 498 U.S. 882, 111 S.Ct. 229, 112 L.Ed.2d 183 (1990); *Tipton v. State*, 838 S.W.2d 138, 139 (Mo.App.1992).

■ In his first point, Movant argues that his constitutional right to be free from double jeopardy was violated when he was convicted of both possession and transportation of marijuana because they arose from a single set of circumstances. This court has held that claims of double jeopardy, however, are waived by failure to raise them before entry of a guilty plea. *Raaf v. State*, 793 S.W.2d 211, 212 (Mo.App.1990). In addition, the same argument Movant raises in the instant case has been decided adversely to Movant's position. *State v. Villa–Perez*, 835 S.W.2d 897, 903–904 (Mo. banc 1992); *Rios v. State*, 848 S.W.2d 638, 639 (Mo.App.1993).

■ In *State v. Villa–Perez, supra*, the Missouri Supreme Court examined the same statutes which are involved here and found that the offenses of "possession" and "transportation" did not expose a defendant to double jeopardy because they were discrete and separate. In so holding, it found that a conviction for possession requires proof that the defendant "knowingly and intentionally possessed the proscribed substance and that he was aware of the presence and nature of the substances in question," while a conviction for transportation requires the State to prove "intentional transporting of the substance by means of a vehicle, ... and no evidence of possession is required." *State v. Villa–Perez*, 835 S.W.2d at 904 (citing *State v. Barber*, 635 S.W.2d 342, 343 (Mo.1982); and *State v. Farias*, 785 S.W.2d 664, 667 (Mo.App.1990)).

Movant argues that *Villa–Perez* was erroneously decided but acknowledges that

---

**1.** All references to statutes are to RSMo 1986, V.A.M.S.

this court will again follow its holding.[2] By reason of Article V, § 2, of the Constitution of Missouri, we are bound by the last controlling opinion of the Supreme Court of Missouri. *See also Rios v. State*, 848 S.W.2d at 639. Movant's first point is, therefore, denied.

In his second point, Movant argues that his sentence for transportation of marijuana should be reduced because of the provisions of § 1.160. Section 1.160 provides, in pertinent part:

No ... prosecution ... pending ... at the time when any statutory provision is repealed or amended, shall be affected ... except ... (2) that if the penalty ... is reduced or lessened by any alteration of the law creating the offense, the penalty or· punishment shall be assessed according to the amendatory law.

In the instant case, Movant's sentence for transporting was pursuant to § 195.-200.1(1), which provided punishment of six months to twenty years. That statute was repealed as of August 28, 1989, twenty-four days after Movant was sentenced, and it was not replaced by a statute specifically providing a penalty for transporting marijuana. Under these circumstances, by reason of §§ 557.021.2 and 558.011, this offense became punishable by a term not to exceed five years. Movant contends that § 1.160 requires the trial court to reduce his current ten-year sentence for transportation of marijuana to five years.

■ Section 1.160, however, is applicable only to cases still pending when the statutory amendment becomes effective. *State v. Reiley*, 476 S.W.2d 473, 474 (Mo. 1972). A case is pending until a final determination is made. *Id.* at 474. A judgment or decree is conclusive on the parties when a party has failed to appeal within the time allowed by law, or, having appealed, until the appeal is determined. *Id.* at 474.

■ A judgment in a criminal case becomes final for purposes of appeal when sentence is entered, *State v. Lynch*, 679 S.W.2d 858, 860 (Mo. banc 1984), and the right to appeal expires ten days thereafter. *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 693 (Mo. banc 1979); *State v. Chapman*, 704 S.W.2d 674, 675 (Mo.App.1986). The same is true as to appeals from guilty pleas.[3] *State v. Werbin*, 597 S.W.2d 663, 664 (Mo.App.1980).

■ Movant in the instant case filed no direct appeal from his guilty plea, and his right to do so therefore expired ten days after the trial court entered judgment and sentence. The judgment was therefore conclusive and the case was not pending when the repeal of § 195.200.1(1) took effect fourteen days later.

Movant argues that his Rule 24.035 post-conviction motion is sufficient to warrant the benefits conferred by § 1.160. He contends that since he had ninety days within which to file a 24.035 motion, and did so in a timely fashion, his case was still pending for § 1.160 purposes when § 195.200.1(1) was repealed. This court has held otherwise, however, in *Gleason v. State*, 851 S.W.2d 51 (Mo.App.1993). In *Gleason*, as in the instant case, movant argued the case was still pending because of his Rule 24.-035 motion. This court said, quoting *Barnes v. State*, 826 S.W.2d 74, 76 (Mo. App.1992):

[M]ovant would be entitled to relief if his case had been pending on direct appeal when the statutory reduction of sentence took place. [citation omitted] However, movant did not appeal and the judgment was therefore final and not pending when the new act took effect.

*Gleason v. State*, 851 S.W.2d at 53. The same reasoning applies to the instant case.

■ It is also contended by Movant that this case was still pending for § 1.160 purposes by reason of § 559.115 and Rule 29.-13(a). Section 559.115 allows the court to recall a defendant within 120 days after the defendant has been delivered to the custo-

---

2. Appellant candidly admits he raises the double jeopardy issue to "exhaust potential avenues of review."

3. Appellant may appeal a plea of guilty on two grounds: 1) that the trial court lacked subject matter jurisdiction; and 2) that the charge was insufficient. *State v. Gist*, 800 S.W.2d 94, 96 (Mo.App.1990).

dy of the Department of Corrections. Rule 29.13(a) allows the trial court to correct or set aside a judgment within thirty days of its entry. Neither of these points, however, was presented to the motion court in the Rule 24.035 motion. Postconviction relief claims not raised in the motion court cannot be reviewed on appeal. *Hoffman v. State*, 816 S.W.2d 930, 931 (Mo.App.1991). Movant's second point is denied.

Judgment affirmed.

MONTGOMERY, P.J., and PREWITT, J., concur.