Steven **TAYLOR, Movant/Appellant,**

v.

**STATE of Missouri,**
**Respondent/Respondent.**

**No. ED 77516.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 22, 2000.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Steven Taylor, movant, appeals from the judgment denying on the merits his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. We affirm.

On May 6, 1997, movant pleaded guilty to the Class C felony of stealing over $150 in violation of Section 570.030.3(1), RSMo (Cum.Supp.1996), for stealing two gas blowers and two tool sets with a value over $150 from Builders Square. On June 27, 1997, the trial court sentenced movant as a prior and persistent offender to ten years imprisonment. However, the court suspended execution of the sentence and placed movant on probation for five years. In 1998, while movant was on probation, the legislature amended Section 570.030.3(1) so that the new threshold for felony stealing under that section was a value over $750. Stealing property valued less than $750, if the property was not taken from the person of a victim or was not one of the enumerated classes of property under other sections of the statute, became a class A misdemeanor. Section 570.030.7, RSMo (Cum.Supp.1999). On February 5, 1999, the trial court revoked movant's probation and executed his sentence.

Movant filed timely *pro se* and amended motions seeking post-conviction relief under Rule 24.035, arguing that he was entitled to have his sentence and judgment corrected under Section 1.160, RSMo (1994), to reflect a misdemeanor conviction rather than a felony conviction. The motion court denied the motion without an evidentiary hearing. It found movant was not entitled to the benefit of the statutory amendment because movant had been sentenced in 1997, prior to the change in the law. Movant appeals.

In his sole point on appeal, movant contends that the trial court erred in denying an evidentiary hearing on his claim that Section 1.160(2) requires that his judgment and sentence be corrected because his ten-year sentence exceeds the maximum allowed by law at the time his sentence was executed. Movant contends that the suspended execution of sentence was conditional and did not amount to a final sentence and judgment. We disagree.

■ Section 1.160(2) provides "That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law." We hold that when movant's sentence was imposed but not executed prior to the amendment to Section 570.030.3(1) the amendment did not occur "prior to original sentencing" and movant was not entitled to resentencing under Section 1.160(2).

■ When the trial court imposed sentence on June 27, 1997, the judgment against movant became final. *State v. Nelson*, 9 S.W.3d 687, 688 (Mo.App.1999). When a court suspends the execution of sentence, only the act of executing the sentence has been suspended; a criminal conviction has been entered and the sentence has been assessed. *Id.* (citing *Barnes v. State*, 826 S.W.2d 74, 75–76 (Mo. App.1992)).

In *Barnes* we addressed the same issue raised in this appeal under a prior version of Section 1.160(2) which provided "that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law." Section 1.160(2) RSMo (1986). In that case, the court sentenced the movant to ten years but suspended the execution of the sentence. Subsequently, the movant's probation was revoked and his sentence was executed. The movant filed a 24.035 motion, contending his sentence exceeded the statutory guidelines as they existed at the time his sentence was executed, due to a change in the law while he was on probation. We affirmed the denial of post-conviction relief

because the exception created by Section 1.160(2) was construed to apply only to a change in the law prior to final judgment and final judgment had been entered when the sentence was imposed; the imposition of sentence was not affected by the order suspending its execution. *Barnes,* 826 S.W.2d at 75–76. Therefore, the movant was not entitled to the benefit of the new statutory penalty under section 1.160. *Id.; See also, Morgan v. State,* 852 S.W.2d 374, 375 (Mo.App.1993); *Finley v. State,* 847 S.W.2d 105, 107 (Mo.App.1992).

After *Barnes* was decided, the legislature amended Section 1.160 by adding the language "prior to the original sentencing" in subsection (2). This amendment codifies the case law limiting the application of Section 1.160 to cases in which statutory amendments were made before final judgment.

Because movant was originally sentenced on June 27, 1997, prior to the statutory amendments to section 570.030.3(1), he is not entitled to any benefit from the change in the law after that date. The motion court did not clearly err in denying movant's 24.035 motion without an evidentiary hearing.

The judgment of the motion court is affirmed.

MARY K. HOFF, C.J. and SHERRI B. SULLIVAN, J. concur.